S & I MANAGEMENT,
INC., Appellant,

v.

SUNGJU CHOI a/k/a Sung Ju Choi
a/k/a Sam Choi and The Michael
Group, L.L.C., Appellees.

No. 05–09–00948–CV.

Court of Appeals of Texas,
Dallas.

Jan. 25, 2011.

Rehearing Overruled March 2, 2011.

William Chu, Jamie J. Lee, The Law Offices of William Chu, Dallas, TX, for Appellant.

Elaine T. Lenahan, Larry Johnson, Dallas, TX, Michael W. Eady, Thompson, Coe, Cousins, & Irons, LLP, Austin, TX, for Appellees.

Before Justices MARTIN RICHTER, LANG, and MYERS.

## OPINION

Opinion By Justice MYERS.

S & I Management, Inc. appeals the summary judgment rendered in favor of Sungju Choi a/k/a Sung Ju Choi a/k/a Sam Choi and The Michael Group, L.L.C. Appellant brings four issues asserting the trial court erred in granting appellees' motions for summary judgment. We affirm the trial court's judgment as to The Michael Group, we reverse the judgment as to Choi, and we remand the cause for further proceedings.

## BACKGROUND

In 2005, Steven Lee was looking to purchase a new business for his company, appellant. He met with Choi, a real estate agent or broker,[1] who advertised that he worked for The Michael Group real estate brokerage. Choi directed appellant to a gas station and store owned by New Chu-

---

1. Lee stated in his affidavit that Choi was a "broker," but The Michael Group attached a document to its traditional motion for summary judgment indicating Choi was an "agent."

dhri Enterprises, Inc., and appellant agreed to buy the businesses. Before appellant purchased the property, Choi and Lee were surveying the businesses' neighborhood when Lee asked Choi about a nearby property with a defunct gas station. Choi told Lee that no one would move into that space because the gas station there was decrepit and old. Choi said he would ask Chudhri Iqbal, the owner of New Chudhri Enterprises, about the property with the defunct gas station. Later, Choi told Lee that no one would move into that property because the gas tanks were old and leaking. After appellant purchased the businesses from New Chudhri Enterprises, Quiktrip opened a gas station on the lot with the old gas station.[2] Lee stated in his affidavit that after he bought the businesses, other brokers told him "that all the brokers knew about the coming of Quiktrip about the time I purchased the businesses." He stated he "never would have purchased the business had [he] known that Quiktrip was coming into that space." "As a result of purchasing the business and with Quiktrip having come, the business has lost revenue and with it value." Lee stated he "had to sell one of [the businesses] to keep the other afloat."

Appellant sued Choi and The Michael Group for fraud, violations of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA), negligent misrepresentation, breach of fiduciary duty, and conspiracy with Iqbal and New Chudhri Enterprises.[3] Appellant's causes of action against The Michael Group assert that The Michael Group is vicariously liable under the doctrine of respondeat superior for Choi's tortious conduct. Appellant sought actual and exemplary damages as well as attorney's fees. Choi and The Michael Group filed no-evidence motions for summary judgment, and The Michael Group also filed a traditional motion for summary judgment. The trial court granted appellees' motions for summary judgment.

## TRADITIONAL SUMMARY JUDGMENT

In the first issue, appellant contends the trial court erred in granting The Michael Group's traditional motion for summary judgment, which asserted The Michael Group was not liable as a matter of law under the doctrine of respondeat superior for Choi's torts.

■■■ The standard for reviewing a traditional summary judgment is well established. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Private Mini Storage Realty, L.P. v. Larry F. Smith, Inc.,* 304 S.W.3d 854, 858 (Tex. App.-Dallas 2010, no pet.). Defendants who move for summary judgment must show the plaintiffs have no cause of action. *Citizens First Nat'l Bank of Tyler v. Cinco Explor. Co.,* 540 S.W.2d 292, 294 (Tex. 1976). Defendants may meet this burden by either (1) disproving at least one essential element of each theory of recovery, *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991), or (2) conclusively proving all elements of an affirmative defense. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.

---

2. Appellees assert in their motions for summary judgment and in their brief on appeal that Quiktrip moved into the vacant gas station two years after appellant purchased the businesses. No evidence in the record supports this statement.

3. Appellant also sued Iqbal and New Chudhri Enterprises for a variety of causes of action related to the sale of the businesses. After the trial court granted appellees' motions for summary judgment, the court severed appellant's causes of action against appellees, rendering a final judgment on appellant's causes of action against appellees.

1972). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982). After the movants have established a right to summary judgment, the burden shifts to the nonmovants to present evidence creating a fact issue. *Denson v. Dallas County Credit Union,* 262 S.W.3d 846, 849 (Tex.App.-Dallas 2008, no pet.). When a successful summary judgment movant presents both traditional and no-evidence grounds, we must affirm it if it can be sustained under either standard. *Flood v. Katz,* 294 S.W.3d 756, 762 (Tex. App.-Dallas 2009, pet. denied)

■ Under the doctrine of respondeat superior, an employer is vicariously liable for the negligence of an agent or employee acting within the scope of his agency or employment even though the principal or employer has not personally committed a wrong. *Baptist Mem'l Hosp. Sys. v. Sampson,* 969 S.W.2d 945, 947 (Tex.1998). The justification for imposing this liability is that the principal or employer has the right to control the means and methods of the agent or employee's work. *Id.* An employer is not vicariously liable for the torts of an independent contractor it hires because an independent contractor has sole control over the means and methods of the work. *Id.* A contract between the parties that establishes an independent contractor relationship is determinative of the parties' relationship in the absence of extrinsic evidence indicating that the contract was a "sham or cloak" designed to conceal the true legal relationship of the parties or that despite the contract terms, the true agreement vested the right of control in the principal. *Bell v. VPSI, Inc.,* 205 S.W.3d 706, 713 (Tex.App.-Fort Worth 2006, no pet.).

■ The Michael Group attached a form contract to its motion for summary judgment with an affidavit of its vice-president, Kern Coleman, who testified the document was "a true and correct copy of the Independent Contractor Agreement entered into between [The Michael Group] and Sungju Choi." The Independent Contractor Agreement provided:

> The Michael Group, LLC, and _____ ("Contractor") ... hereby agree as follows:
>
> Contractor agrees to work for Broker as an INDEPENDENT CONTRACTOR, and not as [an] employee; however, Contractor understands that Broker is legally accountable for the activities of the Contractor. All costs and obligations incurred by Contractor in conducting his/her independent business shall be paid solely by Contractor, who will hold Broker harmless from any and all such costs and obligations. Contractor will act independently as to the management of his/her time and efforts, and will be responsible for all of his/her expenses, such as industry association, dues, licensing renewals, pagers, cellular telephones, etc. as they are incurred.
>
> ...
>
> Contractor understands and agrees that because Contractor is an Independent Contractor and not an employee of Broker, Broker will not withhold any Federal or State Income Tax, Social Security (FICA) or Unemployment (FUTA) taxes from Contractor's commission paid. Contractor is personally responsible for paying any and all Federal and State Income, Social Security and other taxes, and for maintaining all expense records as required by law, and represents to Broker that all such amount will be withheld and paid. Contractor shall indemnify and hold Broker harmless from any liability or costs thereof.

Contractor further understands and acknowledges that Broker provides no Workman's Compensation coverage. Contractor hereby specifically waives such coverage and represents to Broker that he/she understands that if Contractor desires such coverage, Contractor must personally obtain such coverage.

(Emphasis omitted.) Nothing in the contract gave The Michael Group the right to control the means and methods of Choi's work.

Appellant argues that the Agreement was insufficient to establish Choi's independent-contractor status as a matter of law because it does not identify the contractor and it is not signed by the alleged contractor. Under the statute of frauds, certain contracts are not enforceable unless they are in writing and signed by the person against whom enforcement of the contract is sought. *See* TEX. BUS. & COM. CODE ANN. § 26.01(a)(2) (West 2009). However, The Michael Group was not seeking to enforce the Agreement against Choi or anyone else; it attached the Agreement to show the terms of the agreement between it and Choi. Appellant cites no authority showing the Agreement was inadmissible or that it had to be signed for its terms to be admissible in evidence in a dispute with a third party such as appellant. Coleman testified in his affidavit that the terms in the Agreement constituted the terms between it and Choi, and appellant does not explain why Coleman's testimony, together with the Agreement, did not establish the terms of the contract between Choi and The Michael Group.

■ Appellant also points to the statement in the Agreement that "Contractor understands that Broker is legally accountable for the activities of Contractor." However, whether The Michael Group is vicariously liable to third parties under the doctrine of respondeat superior for Choi's torts depends on whether it had sole control over the means and methods of Choi's work. Nothing in the contract, and no evidence presented by appellant, purports to give it that authority. The statement that "Contractor understands that Broker is legally accountable for the activities of Contractor" did not give The Michael Group sole control over the manner and means used by Choi to sell real estate.

The Independent Contractor Agreement, with Coleman's affidavit, established Choi's independent-contractor relationship with The Michael Group. Appellant does not assert on appeal that it presented any evidence controverting this relationship. *See Bell*, 205 S.W.3d at 713–14. Accordingly, we conclude the trial court did not err in granting The Michael Group's traditional motion for summary judgment. We overrule appellant's first issue. Having determined the trial court did not err in granting The Michael Group's traditional motion for summary judgment, we do not address appellant's third issue asserting the trial court erred in granting The Michael Group's no-evidence motion for summary judgment. Likewise, we do not address appellant's fourth issue addressing appellant's conspiracy cause of action as it relates to The Michael Group.

## NO–EVIDENCE SUMMARY JUDGMENT

■ In the second issue, appellant asserts the trial court erred in granting Choi's no-evidence motion for summary judgment. We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* TEX.R. CIV. P. 166a(i); *Flood*, 294 S.W.3d at 762. Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material ques-

tions presented. *See id.* When analyzing a no-evidence summary judgment, we consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the movant. *Sudan v. Sudan,* 199 S.W.3d 291, 292 (Tex.2006) (quoting *City of Keller v. Wilson,* 168 S.W.3d 802, 823 (Tex.2005)). A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex.2003). "More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997)). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983)).

## Summary Judgment Evidence

Appellant attached the affidavit of its president, Lee, to its response to appellees' motions for summary judgment. Choi made numerous objections to this affidavit, and he submitted a draft order for the court's rulings on the objections. The trial court did not make a written ruling on the objections. However, in a subsequent hearing, Choi requested the court to rule on his objections to Lee's affidavit. The court stated, "Because your motions were granted, you can assume that the objections have been granted."

 For a ruling on an objection to summary judgment evidence to be effective, the ruling must be reduced to writing, signed by the trial court, and entered of record. *Utils. Pipeline Co. v. Am. Petrofi-*

*na Mktg.,* 760 S.W.2d 719, 723 (Tex.App.-Dallas 1988, no writ); *see also Stewart v. Sanmina Tex. L.P.,* 156 S.W.3d 198, 206–07 (Tex.App.-Dallas 2005, no pet.). In this case, the trial court did not enter a written ruling on Choi's objections to Lee's affidavit. We conclude the record does not show the trial court ruled on Choi's objections.

 On appeal, Choi argues that much of Lee's affidavit should not be considered as evidence because it contains hearsay; it is self-serving statements of an interested witness that are not clear, positive, direct, credible, free from contradiction, and readily controvertible; and it is conclusory. Defects in the form of an affidavit must be objected to, the opposing party must have the opportunity to amend, and the trial court must rule on the objection; otherwise, the objection is waived and the objected-to material is in evidence. *See Hogan v. J. Higgins Trucking, Inc.,* 197 S.W.3d 879, 883 (Tex.App.-Dallas 2006, no pet.); *Stewart,* 156 S.W.3d at 207. Objections that a document contains hearsay are defects of form. *Stewart,* 156 S.W.3d at 207. Likewise, objections that statements of an interested witness are not clear, positive, direct, credible, and free from contradiction are defects of form. *Choctaw Props., L.L.C. v. Aledo I.S.D.,* 127 S.W.3d 235, 241 (Tex.App.-Waco 2003, no pet.). By failing to obtain written rulings on these objections, Choi cannot raise these defects on appeal. *See DMC Valley Ranch, L.L.C. v. HPSC, Inc.,* 315 S.W.3d 898, 905 (Tex.App.-Dallas 2010, no pet.); *Stewart,* 156 S.W.3d at 207.

 Objections that statements in an affidavit are conclusory assert defects of substance, which may be raised for the first time on appeal. *Brown v. Brown,* 145 S.W.3d 745, 751 (Tex.App.-Dallas 2004, pet. denied). "A conclusory statement is one that does not provide the underlying

facts to support the conclusion." *Id.* at 751 (quoting *Choctaw Props.*, 127 S.W.3d at 242). A conclusory statement may be either legal or factual in nature. *Choctaw Props.*, 127 S.W.3d at 242.

## Causation

■ Choi's no-evidence motion for summary judgment asserted appellant had no evidence to support the causation element of its causes of action, that is, that Choi's conduct was a proximate cause or producing cause of appellant's damages.[4] For negligent misrepresentation, fraud, and breach of fiduciary duty, the plaintiff must prove proximate causation. *Finger v. Ray*, 326 S.W.3d 285, 291 (Tex.App.-Houston [1st Dist.] 2010, no pet.) (breach of fiduciary duty); *Employees Retirement Sys. of Tex. v. Putnam, LLC*, 294 S.W.3d 309, 315 (Tex.App.-Austin 2009, no pet.) (fraud; negligent misrepresentation). For violations of the DTPA, the plaintiff must prove producing causation. Tex. Bus. & Com.Code Ann. § 17.50(a) (West Supp. 2010); *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 161 (Tex.1995). The components of proximate cause are cause in fact and foreseeability. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex.2005). The test for both cause in fact and producing cause is whether the defendant's conduct was a substantial factor in bringing about the injury that would not otherwise have occurred. *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 46 (Tex. 2007) (producing cause); *W. Invs., Inc.*, 162 S.W.3d at 551 (cause in fact). Choi asserted appellant had no evidence that his conduct was a substantial factor in bringing about appellant's injury that otherwise would not have occurred.

■ Lee testified in his affidavit that his broker, Choi, represented to him that the vacant gas station would remain vacant, that all brokers knew Quiktrip was moving into that space, that he relied on Choi's representations, that appellant would not have bought "the business" if he had known Quiktrip was moving into the vacant gas station, and that "as a result of purchasing the business and with Quiktrip having come, the business has lost revenue and with it value." This evidence shows Choi's representations about the vacant gas station were a substantial factor in appellant's purchasing the businesses and that he would not have purchased the businesses if Choi had told him Quiktrip would be moving into the vacant gas station. As Lee's affidavit demonstrates, if appellant had not purchased the gas station then it would not have suffered the alleged loss of revenue and value from Quiktrip's presence. We conclude Lee's testimony constitutes some evidence of the causation element of appellant's causes of action.

We conclude the trial court erred in granting Choi's no-evidence motion for summary judgment, and we sustain appellant's second issue.

## Conspiracy

In the fourth issue, appellant contends the trial court erred in granting the no-evidence motion for summary judgment asserting appellant had no evidence to support its conspiracy allegations. Appellant alleged that Choi and Iqbal agreed to commit the acts constituting the torts appellant alleged. Choi asserted in his motion for summary judgment that if appellant had no evidence to support its tort claims, then it had no evidence to support the

---

4. Choi did not move for summary judgment on the ground that appellant had no evidence of any of the other elements of the causes of action other than causation. Accordingly, we do not consider whether Lee's affidavit contained any evidence of any element other than causation.

conspiracy claim. Because we have concluded appellant presented some evidence on the only element of appellant's causes of action that Choi challenged, we conclude the trial court erred in granting Choi's motion for summary judgment on appellant's conspiracy cause of action. We sustain appellant's fourth issue as to Choi.

## CONCLUSION

We affirm the trial court's summary judgment in favor of The Michael Group, we reverse the trial court's summary judgment in favor of Choi, and we remand the cause to the trial court for further proceedings.