**AFFIRM in Part, REVERSE in Part, and REMAND; and Opinion Filed August 1, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-00895-CV**

**JUAN JOSE SEGOVIA, Appellant**
**V.**
**SKYLINE PLACE DALLAS, LLC & SRA MANAGEMENT LLC D/B/A OLYMPUS PROPERTY, Appellees**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC11-07702-C**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Lewis

Appellant Juan Jose Segovia ("Segovia") appeals from a summary judgment rendered in favor of appellees, Skyline Place Dallas, LLC and SRA Management, LLC ("SRA"). In three issues, Segovia claims the trial court erred (1) by failing to sustain any objections and special exceptions to appellees' summary judgment motion; and (2) by granting summary judgment. We affirm in part, reverse in part, and remand to the trial court for further proceedings.

*Background*

Segovia filed this action against multiple defendants following a workplace injury. Segovia alleges he sustained injuries from a fall when standing on a handrail while painting a stairwell at Skyline Place Apartments ("Skyline Apartments") in Dallas.

Skyline Place, LLC ("Skyline") owned Skyline Apartments at the time of the accident. SRA d/b/a Olympus Property, which managed the apartments, is owned by brothers Anthony and Chandler Wonderly. In May 2008, Skyline contracted with Penco Central, Inc. ("Penco") for improvements to be made to the apartments. Penco sub-contracted with Romano Painting Services, Inc. to perform the painting for the project. Romano sub-contracted with Ramundo Rodriguez ("Rodriguez") who then sub-contracted with Segovia as a painter. When Segovia arrived at the apartments on August 13, 2008, Rodriguez provided him with paint and brushes and directed him to the stairwell to start painting. Segovia requested a ladder from Rodriguez, but it was never provided. Segovia stood on a rail to paint the stairwell and immediately fell and sustained injuries.

Segovia testified the only people present at the time of his injury were Rodriguez and another painter. Segovia claims he never spoke to any employee or representative of Skyline or SRA. Deposition testimony by Anthony Wonderly established neither Skyline, nor SRA was aware of Penco sub-contracting any work from the project until after this lawsuit was filed.

In August 2009, Segovia filed this suit claiming general negligence, negligence per se, gross negligence, negligent hiring, and malice. On March 30, 2011, defendants Skyline and SRA filed a traditional and no-evidence motion for summary judgment. On April 25, 2011, Segovia filed objections and special exceptions to the summary judgment motion, as well as his first amended petition. Segovia's amended petition added claims for fraud and breach of contract. The trial court scheduled and held a hearing on the summary judgment on May 2, 2011. At the hearing, defendants were present and Segovia's counsel was not. After the hearing, the trial court granted defendants' motion. Segovia then filed a motion to reconsider the summary judgment which the trial court granted. A second hearing on the summary judgment motion was held on June 13, 2011, and the trial court ultimately granted the summary judgment again.

On appeal, Segovia claims the trial court erred by (1) failing to sustain any objections and special exceptions to appellees' summary judgment motion; and (2) granting summary judgment. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4.

*Standard of Review*

Appellees' motion for summary judgment included traditional grounds and no-evidence grounds; we review both types of motions under well-settled standards. We review a trial court's decision to grant summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In a traditional motion, the party moving for summary judgment has the burden to prove there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *S & I Mgmt., Inc. v. Choi*, 331 S.W.3d 849, 852 (Tex. App.—Dallas 2011, no pet.). Defendants who move for summary judgment may meet this burden by either (1) disproving at least one essential element of each theory of recover, or (2) conclusively proving all elements of an affirmative defense. *Choi*, 331 S.W.3d at 852. Evidence favorable to the non-movant will be taken as true and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon*, 690 S.W.2d at 549.

By contrast, a no-evidence summary judgment motion pursuant to rule 166a(i) is essentially a motion for a pretrial directed verdict. *See* TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006). Once a no-evidence motion is filed, the burden shifts to the non-moving party to present evidence raising an issue of material fact as to the elements specified in the motion. *Tamez*, 206 S.W.3d at 582; *Choi*, 331 S.W.3d at 853. When a successful summary judgment movant presents both traditional and no-evidence grounds, we must affirm if summary judgment can be sustained under either standard. *Choi*, 331 S.W.3d at 853.

We review a party's objections to summary judgment evidence under an abuse of discretion standard. *Nat'l Liab. and Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527–28 (Tex. 2000).

## I. OBJECTIONS AND SPECIAL EXCEPTIONS

Segovia complains the trial court erred by failing to sustain his objections and special exceptions to appellees' summary judgment motion. Special exceptions are normally used when a motion or response states grounds that are unclear or ambiguous. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342–43 (Tex. 1993). Segovia timely filed his objections and special exceptions and each of the 23 objections and exceptions are based on the motion itself as opposed to the evidence presented. Some of the "objections" raised by Segovia are: "the allegations contained in [the motion] are unsupported by any summary judgment evidence;" statements made in the motion "attempt to improperly shift the burden;" the motion improperly used the pleadings to support allegations in the motion; and citations to legal authority in the motion do not prove its allegations. None of the "objections" or exceptions directly complains about the summary judgment evidence. Further, Segovia does not complain about the clarity or ambiguity of the motion. Indeed, Segovia's objections and special exceptions are more in the nature of a summary judgment response, challenging the arguments and authorities put forward in appellees' summary judgment motion. To the extent these responsive comments have substantive significance, we understand them to be a challenge to appellees' right to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) (the movant must establish entitlement to a summary judgment on the issues expressly presented). Therefore, we conclude this first issue does not present arguments independent from Segovia's second issue, i.e., whether the trial court erred in granting appellees' motion for summary judgment.

## II. GRANTING OF SUMMARY JUDGMENT

*Traditional Summary Judgment*

Segovia contends the trial court erred in granting appellees' traditional motion for summary judgment, which asserted appellees were not liable as a matter of law pursuant to Chapter 95 of the Texas Civil Practice and Remedies Code. Segovia's response argues appellees failed to meet their burden because, as required by Chapter 95, they never conclusively proved that (1) either of them was the owner of the property, or (2) Segovia was "constructing, repairing, renovating, or modifying an improvement" to the property at the time of his fall.

*Does Chapter 95 Apply?*

Segovia contends appellees owed Segovia the common law duty that property owners owe to those who come onto their land. However, Chapter 95 of the Texas Civil Practice and Remedies Code provides a defense for claims of negligence against property owners by independent contractors. *See Dow Chem. Co. v. Abutahoun*, 395 S.W.3d 335, 343 (Tex. App.—Dallas 2013, pet. filed). Chapter 95 governs a property owner's liability to independent contractors. As relevant here, the statute applies to a claim (1) against a property owner for personal injury (2) to a contractor, or a subcontractor or an employee of a contractor or subcontractor (3) that arises from the condition or use of an improvement to real property where the contractor or subcontractor renovates or modifies the improvement. TEX. CIV. PRAC. & REM. CODE ANN. § 95.001(1), (3), 95.002 (West 2011). Under chapter 95:

> A property owner is not liable for personal injury, death, or property damage to a contractor, subcontractor, or an employee of a contractor or subcontractor who constructs, repairs, renovates, or modifies an improvement to real property, including personal injury, death, or property damage arising from the failure to provide a safe workplace unless:
>     (1) the property owner exercises or retains some control over the manner in which the work is performed, other than the right to order the work to start or stop or to inspect progress or receive reports; and

(2) the property owner had actual knowledge of the danger or condition resulting in the personal injury, death, or property damage and failed to adequately warn.

*Id.* at § 95.003 (West 2011). Section 95.001 defines a "property owner" as "a person or entity that owns real property primarily used for commercial or business purposes." *Id.* at § 95.001. Appellees had the initial burden to establish that Chapter 95 applies to them. *See Rueda v. Paschal*, 178 S.W.3d 107, 111 (Tex. Civ. App.—Houston [1st Dist.] 2005, no pet.) The burden then shifts to Segovia to prove (1) the owner exercised or retained some control over the manner in which the work was performed and (2) that the property owner had actual knowledge of the danger and did not adequately warn of that danger. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 95.003.

In their traditional motion for summary judgment, appellees sought to prove Chapter 95 applied to them, they maintained no control over the manner in which the work was performed, and they had no knowledge Segovia was standing on the handrail instead of using a ladder to paint the stairwell. There is undisputed evidence Chandler Wonderly and his brother Anthony Wonderly are the owners of SRA and that Chandler Wonderly is owner of the real property and improvements.[1] Anthony Wonderly's deposition testimony is not controverted in the record nor is the Construction Agreement for renovations between Penco Central, Inc. ("Contractor") and Skyline Place Apartments ("Owner") which is signed by Anthony Wonderly for Skyline Place Apartments. Segovia contends the testimony of Anthony Wonderly was that "one of them owned the land and apartments on which" Segovia was working at the time of his fall and this testimony is not enough. Segovia contends because the deposition testimony was to ownership by Chandler Wonderly and not Skyline Place Dallas, LLC, there remains a question of fact as to ownership of the property. However, after appellees submitted summary judgment evidence of ownership and

---

[1] We note that Segovia's pleadings addressed appellees, and no one else, as the owner and manager of the apartment property.

the burden shifted to Segovia, he presented nothing inconsistent or conflicting with Anthony Wonderly's testimony or the Construction Agreement. We find no conflicting evidence in the record which would raise a genuine issue of material fact as to the identity of the owner or manager of the property where Segovia's injury occurred.

Section 95.003 provides the exception to liability "unless" the property owner exercises or retains some control over the manner in which the work is performed and the owner had actual knowledge of the actual condition that caused the injury. TEX. CIV. PRAC. & REM. CODE ANN. § 95.003. Appellees' motion provided evidence proving contractually they did not retain or exercise control over the manner that Rodriguez and his employees performed the painting of the apartments. Segovia's response to the summary judgment motion failed to produce more than a scintilla of probative evidence to show any such control existed. None of Segovia's evidence raises a fact question

Segovia contends he was painting at the Skyline Apartments and the "painting" does not equate to "constructs, repairs, renovates, or modifies an improvement to real property" as required by Chapter 95. TEX. CIV. PRAC. & REM. CODE ANN. § 95.003. Segovia goes to great length arguing the painting of the apartment was not a modification, but he fails to address whether the painting of the property qualifies as a repair or renovation. Because the trial court could have found the painting was a repair or renovation, Segovia failed to raise a genuine issue of fact regarding the application of Chapter 95 to the painting of the property. *See Trail v. Friedrich*, 77 S.W.3d 508, 509 (Tex. Civ. App.—Houston [1st Dist.] 2002, pet. denied) (applying Chapter 95 to a painting contractor). We conclude Segovia failed to raise a genuine issue of material fact as to application of Chapter 95 of the Texas Civil Practice and Remedies Code. Consequently, Segovia's negligence claims, including negligence, negligence per se, gross negligence, and negligent hiring and supervision, are barred by Chapter 95.

Segovia's petition includes a cause of action for breach of contract. In their traditional summary judgment motion, appellees claim there is no contract between Skyline or SRA and Rodriguez (whom hired Segovia) and produced evidence of the deposition testimony showing the company Skyline contracted with was Penco. The summary judgment record fails to show Skyline or SRA were aware that Penco hired any subcontractors, who hired another subcontractor, who hired Segovia. In Segovia's response to the summary judgment, he provided no evidence of a contract or any legal argument or authority of an implied contract. Therefore, we conclude Segovia failed to raise an issue of fact to preclude the granting of summary judgment as to his claim for breach of contract.

*Intentional Tort Claims*

Segovia argues appellees' motion failed to establish that they did *not* owe a legal duty to him and failed to address his claims of fraud and malice. At the time of the summary judgment, Segovia's live pleading contained claims of fraud and "malice" which are not barred by Chapter 95. We have already established Segovia's negligence claims requiring a legal duty are barred by Chapter 95, now we address Segovia's claims not barred by Chapter 95.

As for the cause of action for fraud, Segovia alleges Skyline, SRA and Penco engaged in fraud because the Penco contract required Penco to have insurance to cover claims for injuries such as those sustained by Segovia but Penco claims to have no such insurance. Appellees' motion for summary judgment only addressed claims pursuant to Chapter 95, claims where appellees owed a duty to Segovia, and claims requiring the existence of a contract; it does not address the elements or a cause of action for fraud. Segovia's response to the motion asserts appellees' failure to address his fraud claim. However, the summary judgment order states, appellees "are entitled to summary judgment on all Plaintiff's claims." The order further states "that Plaintiff, Juan Jose Segovia, take nothing against Defendants Skyline Place Dallas, LLC

and SRA Management, LLC d/b/a Olympus Property." Because the summary judgment order grants more relief than requested, we sustain Segovia's issue regarding his cause of action for fraud. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (Granting summary judgment on a claim not addressed in the summary judgment motion is, as a general rule, reversible error.)

As for Segovia's cause of action for "malice," we express no opinion concerning the existence of such an independent tort; the issue is not before us. Appellees' motion for summary judgment did not address this claim in any fashion, and so we sustain Segovia's issue regarding this claim as well.

*Conclusion*

We affirm the trial court's judgment regarding the causes of action for negligence, negligence per se, gross negligence, negligent hiring and supervision, and breach of contract. We reverse the trial court's judgment regarding the cause of action for fraud and "malice." We remand this case for further proceedings consistent with this opinion.

/David Lewis/
DAVID LEWIS
JUSTICE

110895F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUAN JOSE SEGOVIA , Appellant

No. 05-11-00895-CV      V.

SKYLINE PLACE DALLAS, LLC & SRA
MANAGEMENT LLC D/B/A OLYMPUS
PROPERTY, Appellees

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC11-07702-C.
Opinion delivered by Justice Lewis.
Justices Moseley and O'Neill participating.

       In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's
judgment regarding the causes of action for fraud and malice. In all other respects, the trial
court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further
proceedings consistent with this opinion.

       It is **ORDERED** that each party bear its own costs of this appeal.


Judgment entered this 1st day of August, 2013.


/David Lewis/
DAVID LEWIS
JUSTICE