**Opinion issued April 30, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00633-CV

_____

**ELI SASSON, ON BEHALF OF 78 ACRES, LP AND**

**INWOOD PARTNERS, LP, Appellant**

**V.**

**ANDREW SCHATTE, MICHAEL SURFACE, TOWN & COUNTRY VENTURES, LLC, TOWN & COUNTRY VENTURES II, INC., THE KEYSTONE GROUP F/K/A TOWN & COUNTRY VENTURES, INC., HC 5815, LLC, DAVID BLUMHARDT, AND GERALD EVERSOLE, Appellees**

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-08868**

---

## MEMORANDUM OPINION

Eli Sasson, on behalf of 78 Acres, LP and Inwood Partners, LP, appeals a

summary judgment in favor of Andrew Schatte, Michael Surface, Town & Country

Ventures, LLC, Town & Country Ventures II, Inc., The Keystone Group f/k/a Town & Country Ventures, Inc., HC 5815, LLC, David Blumhardt, and Gerald Eversole. Sasson sued appellees for fraud, tortious interference, and conspiracy, alleging that Eversole, a Harris County commissioner, was improperly influenced by the remaining appellees to ensure that appellee Surface, instead of Sasson, received an office space contract from Harris County. Appellees moved for summary judgment on all of Sasson's claims, and the trial court granted the motions. We affirm.

## Background

### *The bid process*

In March 2005, Harris County issued a request for proposal ("RFP") for the purchase or lease of property to house its Juvenile Probation office, Public Health and Environmental Services Clinic, and Women and Infant Care Clinic. According to Sasson's deposition testimony, which was submitted as summary-judgment evidence, he was contacted by Pat Pollan of Yancey Hausman & Associates, Inc., an independent broker, on behalf of Harris County. Pollan requested that Sasson submit a proposal for Sasson's property on Antoine Drive. Sasson testified that he bought the property next door to his original property in order to submit the proposal because the RFP required more square footage than he originally owned.

Proposals were due by 3:00 p.m. on April 4, 2005. Sasson testified that he arrived at Yancey Hausman's office on time, but that the receptionist waited to stamp his proposal until after 3:00. Sasson averred in his affidavit in opposition to summary judgment that his proposal was rejected for being submitted late, but that after he complained, Harris County restarted the bid process. Two proposals were submitted in response to the first RFP–Sasson's, and a proposal from HC 5815, LLC, an entity from which Surface was entitled to receive all profits. According to Sasson, he did not know that Surface was involved in the competing proposal because his name did not appear on any of the proposal documents.

Sasson averred that he felt that Pollan had not given him a fair chance and asked for and received assurances that Pollan would not be involved in the second RFP. Harris County issued a second RFP, with a proposal deadline of October 24, 2005, to be run by the Harris County Purchasing Department instead of Yancey Hausman. Once again, two proposals were submitted–one from Sasson and one from HC 5815. The Purchasing Department appointed an Evaluation Committee to review the proposals, and the committee recommended to the Facilities and Property Management Department ("FPM") that HC 5815's proposal be accepted.

FPM in turn recommended to the Harris County Purchasing Department that Harris County accept HC 5815's proposal, and the Purchasing Department

recommended to the Harris County Commissioners Court that it award the contract to HC 5815.  The Commissioners Court voted to award the contract to HC 5815.

Sasson averred that he was suspicious about improper influence in the bidding process because he believed his proposal was superior.  He inquired about the process with the Harris County Attorney's Office and the District Attorney's Office.  He averred that both offices told him that no improprieties were found.

*The lawsuit*

Sasson averred that in March 2008, he was contacted by a news reporter investigating claims that Surface had improperly influenced Harris County officials, including Eversole, in order to obtain Harris County contracts.  The reporter told Sasson that the bid process in which he participated was part of the investigation, and Sasson ultimately met with the FBI to discuss the bid process. Eversole and Surface were indicted on charges that Surface bribed Eversole to obtain Harris County contracts, including the contract that is the subject of this case, but the charges were later dismissed.  Eversole and Surface each pleaded guilty to a charge of lying to a federal official, and Surface pleaded guilty to falsifying a tax return for improperly deducting an expense associated with Eversole as a business expense.

In February 2010, Sasson sued Surface and most of the other appellees for fraud, tortious interference with a prospective business relationship, and conspiracy. A year later, Sasson added Eversole as a defendant.

Eversole moved for summary judgment, arguing among other things that Sasson's claims were barred by the statute of limitations and that he was entitled to immunity. The appellees also filed two joint motions for no-evidence summary judgment. The trial court granted the appellees' motions.

## Discussion

In his first, third, and fourth issues, Sasson contends that the trial court erred in granting summary judgment because (1) he raised a fact issue regarding the applicability of the statute of limitations, (2) he presented more than a scintilla of evidence of each challenged element of his causes of action, and (3) he raised more than a scintilla of evidence of causation. Sasson also contends that the trial court erred in granting summary judgment in Eversole's favor because Eversole is not entitled to immunity. We address Sasson's third issue regarding causation first, because it is dispositive.

### A.    Standard of Review

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold

the trial court's judgment if any of the grounds are meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). When a party has filed both a traditional and no-evidence summary judgment motion, we typically first review the propriety of the summary judgment under the no-evidence standard. *See* TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the no-evidence summary judgment was properly granted, we need not reach arguments under the traditional motion for summary judgment. *Ford Motor Co.*, 135 S.W.3d at 600. When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

To prevail on a no-evidence motion for summary judgment, the movant must establish that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Hahn*, 321 S.W.3d at 524.

## B. Applicable Law and Analysis

Appellees asserted in their summary-judgment motion that Sasson's claims could not survive summary judgment because there was no evidence that any alleged improper conduct attributable to Eversole was the cause in fact of Sasson's damages. Among other things, the appellees argued that there was no evidence that the alleged bribery of Eversole, who had only one of five votes, caused the other members of the Commissioners Court to vote to award the contract to HC 5815.[1]

Both tortious interference with prospective business relationships and fraud require the plaintiff to demonstrate cause in fact. *S & I Mgmt., Inc. v. Choi*, 331 S.W.3d 849, 856 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *COC Servs., Ltd. v. CompUSA, Inc.*, 150 S.W.3d 654, 679 (Tex. App.—Dallas 2004, pet. denied). To prevail on a tortious interference with prospective business relationships claim, the plaintiff must prove that the alleged tortious conduct constitutes a cause in fact that prevented the prospective business relationship from occurring. *COC Servs.*, 150 S.W.3d at 679. Likewise, to prevail on a fraud claim, the plaintiff must prove that the fraud was the proximate cause of his injury, and the components of proximate causation are cause in fact and foreseeability. *S & I Mgmt.*, 331 S.W.3d at 856.

---

[1] The four commissioners voted in favor of the proposal and the county judge voted against it.

7

"[C]ause-in-fact . . . is satisfied by proof that (1) the act was a substantial factor in bringing about the harm at issue, and (2) absent the act ('but for' the act), the harm would not have occurred." *HMC Hotel Props. II Ltd. P'ship v. Keystone-Texas Prop. Holding Corp.*, 439 S.W.3d 910, 913 (Tex. 2014) (citing *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. and Research Corp.*, 299 S.W.3d 106, 122 (Tex. 2009)). "These elements cannot be established by mere conjecture, guess, or speculation." *Id.* (citing *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995)). "If the defendant's negligence merely furnished a condition that made the injuries possible, there can be no cause in fact." *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005).

Thus, Sasson bore the burden to adduce evidence raising a genuine issue of material fact as to causation with respect to his fraud and tortious interference claims. *See Mack Trucks, Inc.*, 206 S.W.3d at 582; *Hahn*, 321 S.W.3d at 524. The parties agree that only the Commissioners Court could award the contract. Sasson contends that he raised a fact issue on causation by adducing evidence that Surface's property was in Eversole's precinct and that Eversole testified that he would defer to the other commissioners regarding the county's purchase or lease of property in their respective precincts. Thus, Sasson argued in his response to the no-evidence motion, and argues on appeal, that he was entitled to an inference that the other commissioners similarly deferred to Eversole and voted to approve the

8

award of the contract to HC 5815 because the property was in Eversole's precinct and Eversole approved it.

But evidence regarding how Eversole would vote in a hypothetical scenario, without more, is no evidence that the other commissioners awarded the contract to HC 5815 out of deference to Eversole because the property subject to the contract was located in his precinct. Sasson correctly argues that he is entitled to all reasonable inferences, *see Valence Operating Co.*, 164 S.W.3d at 661, but here, he is urging us to hold that he may raise a fact issue by stacking one inference upon another. *See HMC Hotel*, 439 S.W.3d at 913 (cause in fact may not be established by conjecture, guess, or speculation).

Sasson adduced no evidence that the three other commissioners who voted to award the contract to HC 5815 did so out of deference to Eversole because the property was located in his precinct and he wanted it awarded to HC 5815. *See Ford Motor Co.*, 135 S.W.3d at 601 ("Evidence that is so slight as to make any inference a guess is in legal effect no evidence."). Thus, taking all of Sasson's evidence as true and assuming, as Sasson alleges, that Surface bribed Eversole to win the contract, Sasson adduced no evidence raising a fact issue regarding whether the three other commissioners who also voted to award the contract to HC 5815 were improperly influenced by the alleged bribe or anything else. *See id.* The votes of the three other commissioners were sufficient to award the contract to

HC 5815, regardless of Eversole's vote. Accordingly, Sasson failed to raise a fact issue on causation. *See Mack Trucks, Inc.*, 206 S.W.3d at 582; *Hahn*, 321 S.W.3d at 524.

Because Sasson failed to raise a fact issue on an essential element of his fraud and tortious interference claims, his civil conspiracy claim must also fail. Civil conspiracy is a derivative tort; that is, a defendant's liability for conspiracy is dependent on his participation in an underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable. *Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 898 (Tex. App.—Dallas 2008, no pet.). Thus, if summary judgment is proper on the underlying tort claims—here, fraud and tortious interference—then it is also proper on Sasson's conspiracy claim. *See id.*; *see also Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 930–31 (Tex. 2010).

We overrule Sasson's third issue. Because we have concluded that the trial court properly could have granted summary judgment on all of Sasson's claims based on causation, we do not reach Sasson's remaining issues.

## Conclusion

We affirm the judgment of the trial court.


Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.