

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00691-CV

**CUANTO ANTES MEJOR, L.L.C.** and M.E. Phillip,
Appellants

v.

**EOG RESOURCES, INC.,**
Appellee

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 15-12-00277-CVK
Honorable Lynn Ellison, Judge Presiding

## OPINION ON MOTION FOR REHEARING

Opinion by:      Liza A. Rodriguez, Justice

Sitting:         Rebeca C. Martinez, Chief Justice[1]
                 Patricia O. Alvarez, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: June 2, 2021

REVERSED AND REMANDED

In this second appeal, Cuanto Antes Mejor, L.L.C. and M.E. Phillip (collectively "Cuanto") challenge the trial court's summary judgment in favor of EOG Resources, Inc. ("EOG") based on res judicata and its entry of a take-nothing judgment against Cuanto. In an opinion issued on December 16, 2020, we reversed the trial court's judgment and remanded to the trial court for

---

[1] Pursuant to Rule 8(j)(i) of this court's internal operating procedures, Chief Justice Rebeca C. Martinez has been substituted in place of retired Chief Justice Sandee Bryan Marion on the panel.

further proceedings consistent with our opinion. EOG filed a joint motion for rehearing and motion for reconsideration en banc. After considering the motion and responses, we deny the motion for rehearing. However, we withdraw our opinion and judgment issued December 16, 2020 and substitute this opinion and judgment in its place to clarify our analysis. By separate order issued this date, the court denies the motion for reconsideration en banc as moot.

## BACKGROUND

The facts underlying the dispute between Cuanto and EOG over possession and superior title to an undivided 39/252 interest in a 44.8-acre tract of land in Karnes County, Texas (the "Property Interest") are set forth in our prior opinion. *See Cuanto Antes Mejor, L.L.C. v. EOG Resources, Inc.*, No. 04-17-00504-CV, 2018 WL 1733174, at \*1-2 (Tex. App.—San Antonio April 11, 2018, pet. denied). This case began in December 2015 when Cuanto filed a lawsuit against EOG asserting a trespass to try title claim, along with other title-dependent claims for conversion, an accounting of the oil and gas production/proceeds, and damages. The parties filed competing motions for summary judgment solely on the issue of title. Each alleged ownership of the Property Interest. The trial court denied Cuanto's motion for partial summary judgment on title, granted EOG's motion for summary judgment and awarded possession and superior title to EOG, and rendered a take-nothing final judgment against Cuanto. Cuanto appealed to this court.

On appeal, Cuanto argued the trial court erred in granting summary judgment for EOG on the issue of title because its own summary judgment evidence proved Cuanto held title. We agreed and held that Cuanto conclusively established its title to the disputed Property Interest through a foreclosure sale and sheriff's tax deed and that its partial summary judgment motion should have been granted by the trial court. *Id.* at \*8. We further held that EOG's challenge to Cuanto's claim to title was barred by the limitations period in the Texas Tax Code. *Id.* We therefore reversed the trial court's judgment and rendered judgment stating that Cuanto held superior title to the Property

Interest and awarding Cuanto possession. *Id.* EOG sought review in the Texas Supreme Court, but its petition was denied. The mandate issued on September 24, 2018, thereby making our judgment final.

After it prevailed on appeal on the issue of title, Cuanto sought to pursue its title-dependent claims for conversion, an accounting, and damages against EOG in the trial court under the same cause number, Trial Court No. 15-12-00277-CVK.[2] Cuanto filed a "Motion for an Amended Docket Control Order" on December 6, 2018. After a hearing, the trial court granted Cuanto's motion and set Cuanto's remaining claims for trial over EOG's objection that there was already a final judgment and the case was over. Cuanto subsequently amended its petition to add other claims against EOG, including fraud and violations of the Texas Natural Resources Code. On September 3, 2019, EOG filed a traditional motion for summary judgment based on the affirmative defense of res judicata and, in the alternative, a plea in abatement. Cuanto contested EOG's assertion of res judicata by filing a response claiming there was no prior final judgment on the merits of its title-dependent claims — either in the trial court or the appellate court. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (elements of res judicata are (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action based on the same claims that were raised or could have been raised in the first action). The trial court granted EOG's summary judgment on the basis of res judicata and issued a take-nothing judgment against Cuanto (for the second time) on October 3, 2019. Cuanto brought the appeal now before us.

---

[2] Cuanto initially filed a separate lawsuit but entered a nonsuit.

## DISCUSSION

Cuanto argues the trial court's grant of summary judgment based on res judicata is erroneous because neither the trial court nor this court entered a final judgment disposing of Cuanto's title-dependent claims against EOG on their merits. Cuanto asserts it was entitled to pursue those claims after the question of title was resolved in its favor in the first appeal. EOG replies that this court's April 11, 2018 judgment on title is the final judgment in the case and there can be only one final judgment. EOG contends that (1) Cuanto waived its title-dependent claims by failing to brief them in the first appeal and by failing to file a motion for rehearing or petition for discretionary review to request a remand on those claims, (2) the trial court lost jurisdiction to take any further action in the case after our April 11, 2018 judgment became final, and (3) it (EOG) properly prevailed on its summary judgment motion because it conclusively established all the elements of res judicata.

### *Waiver and Jurisdiction*

When the trial court denied Cuanto's partial summary judgment motion on title and granted EOG's competing summary judgment motion, it resolved the issue of title by holding that EOG conclusively established it held superior title to the Property Interest. The trial court also entered a "take-nothing judgment" against Cuanto. By entering the take-nothing judgment in favor of EOG, the trial court necessarily disposed of all of Cuanto's pending claims — its claim for title as well as its title-dependent claims for conversion, an accounting, and damages pled in its second amended petition. *See Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 612 (Tex. 2012) (claim for attorney's fees was necessarily disposed of when trial court ruled in other party's favor); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 91, 200 (Tex. 2001) (entry of a take-nothing judgment against the plaintiff on all claims it asserted is a final judgment, even if the defendant only moved for a partial summary judgment; it may be an erroneous judgment, but it is not interlocutory); *see*

*also Gen'l Telephone Co. of Southwest v. Blacksher*, 742 S.W.2d 465, 468 (Tex. App.—Houston [1st Dist.] 1987, writ denied) (take-nothing judgment disposed of all claims in plaintiff's pleadings even though it did not specifically mention each claim). By disposing of all parties and claims pending before it, the trial court therefore entered a final appealable judgment in the case. *Lehmann*, 39 S.W.3d at 195.

When this court determined in the first appeal that the trial court erred in granting summary judgment on title in favor of EOG, we took two actions -- we reversed the trial court's take-nothing judgment in whole and we rendered judgment on title for Cuanto. *See Cuanto Antes Mejor*, 2018 WL 1733174, at *8. As to the rendition, when both parties move for summary judgment on the same issue and the trial court grants one motion and denies the other motion, the reviewing court considers the summary judgment evidence presented by both sides, determines all questions presented, and, if it determines the trial court erred, it renders the judgment the trial court should have rendered. *Tex. Workforce Comm'n v. Wichita City*, 548 S.W.3d 489, 492 (Tex. 2018). Our judgment in favor of Cuanto on title became final when the mandate issued. *See* TEX. R. APP. P. 51.1(b). "A mandate issued by the appellate court is a formal command requiring the lower court to comply with the appellate court's judgment." *Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 144 (Tex. App.—Dallas 2011, no pet.). Once final, our judgment stating that Cuanto holds superior title to the Property Interest became the judgment of the trial court. *Id.* ("[w]hen an appellate court affirms a trial court's judgment or renders the judgment the trial court should have rendered, that judgment becomes the judgment of both courts) (citing *Cook v. Cameron*, 733 S.W.2d 137, 139 (Tex. 1987) (op. on reh'g)).

With respect to our reversal of the trial court's take-nothing judgment against Cuanto, when a lower court's judgment is reversed in whole, that judgment is without effect, as if it had never been rendered. *Phillips v. Bramlett*, 407 S.W.3d 229, 238 (Tex. 2013); *Min v. H & S Crane Sales,*

*Inc.*, 472 S.W.3d 773, 777 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). Therefore, our reversal nullified the take-nothing judgment on Cuanto's title-dependent claims and placed "the parties . . . [in] the same position on these issues as they occupied before the trial court's judgment was rendered." *Cessna*, 345 S.W.3d at 145; *Swank v. Cunningham*, 258 S.W.3d 647, 663 (Tex. App.—Eastland 2008, pet. denied) (reversal of judgment returns parties to status quo). When the mandate effectuating our opinion and judgment issued, it made Cuanto's title-dependent claims live again but did not resolve them. *See Jay Petroleum LLC v. EOG Resources*, 332 S.W.3d 534, 539 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

EOG asserts that Cuanto waived consideration of the merits of its title-dependent claims by failing to file a motion for rehearing or petition for discretionary review to correct the mandate that, according to EOG, did not return jurisdiction of the case to the trial court.[3] However, as in *Jay*, our opinion and mandate, read together, granted Cuanto's request for rendition in its favor on title and effectively granted Cuanto's request for a remand for further proceedings on its title-dependent claims by reversing the take-nothing judgment, thereby making the claims live again. *See Jay*, 332 S.W.3d at 539-40 (construing similar mandate language reversing the trial court's judgment in favor of appellee on its summary judgment motion and rendering judgment granting appellant's summary judgment motion and ordering that "this decision be certified below for observance" as including a remand and order to the trial court to consider the now-live claims). Thus, Cuanto's failure to file a motion for rehearing or petition for discretionary review had no effect on the trial court's jurisdiction to consider the merits of the now-live claims. *See id.* at 540

---

[3] EOG also asserts Cuanto failed to request a remand and failed to brief its title-dependent claims. However, Cuanto's brief in the first appeal expressly stated, "[a]ppellants request this court to reverse the Judgment of the trial court granting EOG's Motion for Summary Judgment and Judgment denying the 'Cuanto' and 'Phillip' Motion for Partial Summary Judgment, and remand the case to the trial court for further proceeding [sic] to determine 'Cuanto's' actual and exemplary damages." Further, Cuanto's prayer for appellate relief asked in part "that the case be remanded to the trial court for further proceedings to determine 'Cuanto's' damages." Cuanto did not waive its title-dependent claims by "failing to brief their merits" in the first appeal.

(appellant "had no reason to request rehearing or petition the Texas Supreme Court because the mandate authorized the trial court to consider the [newly live] claims"). We hold that Cuanto did not waive its title-dependent claims and the trial court has jurisdiction to consider the claims on their merits.

### Summary Judgment on Res Judicata

We review a trial court's decision to grant summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In a traditional motion, the party moving for summary judgment has the burden to prove there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). Defendants who move for summary judgment may meet this burden by either (1) disproving at least one essential element of each theory of recovery, or (2) conclusively proving all elements of an affirmative defense. *S&I Mgmt., Inc. v. Choi*, 331 S.W.3d 849, 852 (Tex. App.—Dallas 2011, no pet.). Evidence favorable to the respondent will be taken as true, and every reasonable inference will be indulged in favor of the respondent, resolving any doubts in its favor. *Nixon*, 90 S.W.2d at 549.

By granting summary judgment for EOG based on res judicata, the trial court found that EOG conclusively established the three necessary elements of its affirmative defense: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. TEX. R. CIV. P. 94; *Joachim*, 315 S.W.3d at 862; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). The purpose of res judicata is to bar a second suit by parties on matters actually litigated in a previous suit as well as on claims that could, and should through the exercise of diligence, have been litigated in the prior suit. *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 799 (Tex. 1992); *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631

(Tex. 1992) (transactional approach to res judicata requires claims arising out of the same subject matter to be litigated in a single lawsuit).

Here, the first and third elements of res judicata are absent. In the original judgment, Cuanto's title-dependent claims were disposed of through a take-nothing judgment because the court concluded Cuanto did not hold title to the Property Interest; the trial court never reached the merits of the claims. Thus, the final judgment was not based on "the merits" of the claims as required for the first element. *See Joachim*, 315 S.W.3d at 862; *see also Jay*, 332 S.W.3d at 540 (stating "the first element of res judicata does not exist because "the matter . . . was never finally determined") (citing *Tex. Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771 (Tex. 1979)). After our holding that it held title, Cuanto sought to recover on its title-dependent claims within the same cause number as the prior take-nothing judgment, not through a separate lawsuit, i.e., a "second action," as required for the third element. *See Joachim*, 315 S.W.3d at 862. We therefore conclude that EOG failed to meet its burden of proof on the first and third elements of its affirmative defense of res judicata.[4] TEX. R. CIV. P. 166a(c); *S&I Mgmt.*, 331 S.W.3d at 852. Because EOG failed to conclusively establish that it was entitled to judgment as a matter of law based on res judicata, we hold the trial court erred in granting EOG's motion for summary judgment.

---

[4] In its motion for rehearing, EOG asserts that Cuanto "waived" any deficiency on the third element because its summary judgment response only challenged the first element of res judicata. A non-movant is not required to respond to a traditional summary judgment motion. TEX. R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). The movant must establish its entitlement to summary judgment on the ground expressly presented in its motion by conclusively proving all essential elements of its cause of action or defense as a matter of law. *City of Houston*, 589 S.W.2d at 678. "Summary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." *Id.* "[T]he non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient *as a matter of law* to support summary judgment." *Id.* However, apart from the legal sufficiency of the movant's grounds for summary judgment, any other argument against granting summary judgment must be presented by the non-movant in the trial court. *Id.*; *Khan v. Firstmark Credit Union*, No. 04-12-00465-CV, 2013 WL 2247456, at *2 (Tex. App.—San Antonio May 22, 2013, pet. denied) (mem. op.).

In sum, we conclude Cuanto is not barred by res judicata or waiver from pursuing its title-dependent claims for relief. Our opinion and mandate in the first appeal necessarily returned jurisdiction to the trial court to resolve Cuanto's claims made live by our reversal and rendition that it held superior title to the Property Interest. *See Jay*, 332 S.W.3d at 540-41; *see also Cessna*, 345 S.W.3d at 144 (scope of mandate is determined by referring to both the appellate opinion and the mandate itself). Our reversal of the trial court's judgment that EOG held title and that Cuanto should take nothing on its claims returned the parties to the same position they held before the trial court's judgment. *Cessna*, 345 S.W.3d at 145; *Swank*, 258 S.W.3d at 663 (reversal of judgment returns parties to status quo). We therefore hold that the trial court erred in granting summary judgment for EOG based on res judicata and in entering a take-nothing judgment against Cuanto on its title-dependent claims.

## CONCLUSION

Based on the foregoing reasons, we reverse the trial court's judgment granting summary judgment for EOG based on res judicata and entering a take-nothing judgment against Cuanto, and we remand the cause to the trial court for consideration of Cuanto's title-dependent claims on their merits.

Liza A. Rodriguez, Justice