Opinion issued May 7, 2009
















In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00541-CV

____________


JAY PETROLEUM, L.L.C., Appellant


V.


EOG RESOURCES, INC. F/K/A ENRON OIL & GAS CO., Appellee






On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 2001-63382

 





O P I N I O N

 Appellant, Jay Petroleum, L.L.C. (Jay), appeals the trial court's award of
attorney's fees to appellee, EOG Resources, Inc. (EOG), formerly known as Enron Oil
and Gas Co. In three issues, Jay challenges the trial court's award for attorney's fees
by asserting that (1) the trial court lacked jurisdiction because this Court did not
remand that issue to the trial court; (2) the doctrines of waiver and res judicata
preclude the award; and (3) the fees are unreasonable and excessive. We conclude the
trial court had jurisdiction to award attorney's fees, and the attorney's fees were not
waived nor barred by res judicata, but there is a question of fact concerning the
reasonableness of attorney's fees awarded by summary judgment. We reverse the
judgment of the trial court and remand for further proceedings to address the amount
of attorney's fees to be awarded to EOG.Background

 EOG and Jay entered into a purchase and sale agreement for oil and gas that
included a provision for reasonable attorney's fees to the prevailing party in a lawsuit
concerning a dispute "in connection with any provisions of this Agreement." Jay sued
EOG for breach of contract, conversion, unjust enrichment, exemplary damages, and
attorney's fees. EOG answered and filed counterclaims alleging fraud, breach of
contract, negligent misrepresentation, unjust enrichment, exemplary damages,
attorney's fees, and cloud on the title. EOG also requested a declaratory judgment
"that the sale agreement is unambiguous and declaring the rights and responsibilities
of both EOG and Jay in connection with the agreement."

 Jay moved for final summary judgment on its claims and EOG's counterclaims. 
EOG filed a cross-motion for partial summary judgment on its request for declaratory
judgment. On February 17, 2003, the trial court rendered a final judgment over all the
parties and claims by granting Jay's motions for final summary judgment and denying
EOG's cross-motion for partial summary judgment.

 EOG appealed. EOG filed an appellant's brief that requested relief in the form
of several alternative scenarios, as follows:

 This Court should reverse the final summary judgment of the trial
court. Specifically, the Court should reverse those portions of the final
summary judgment that award Jay a 2.0425% overriding royalty
interest; that grant Jay a monetary award; that award Jay a final
summary judgment; and that dismiss EOG's counterclaims. The Court
should render judgment that the Agreement is unambiguous; that all of
the language of Section 1.02(a) should be given effect; that Section
10.10 of the Agreement may be used to reform the assignments executed
pursuant to Section 7.03(a) of the Agreement; and that said assignments
are reformed to comport with the provisions of the Agreement. This
Court should reverse and vacate the final summary judgment issued by
the trial court and render judgment for EOG, reserving to Jay its
1.254218% overriding royalty interest, as Jay's proportionate part of
"the difference between 22.5% and 8/8ths and the total lease burdens"
existing as of the Effective Time of the Agreement, or alternatively,
remand this case to the trial court for a determination of that amount. 
Further, and in the alternative, this Court should reverse and vacate the
final summary judgment issued by the trial court and remand this case
for determination of the fact issues associated with EOG's
counterclaims.


(Emphasis added). 

 In EOG Resources, Inc. v. Jay Petroleum, L.L.C., we reversed the judgment of
the trial court, stating, "The trial court erred by granting Jay's motion for final
summary judgment on its breach of contract and conversion claims, and by denying
EOG's motion for partial summary judgment." No. 01-03-00514-CV, 2005 WL
110376, at *6 (Tex. App.--Houston [1st Dist.] Jan. 20, 2005, pet. denied) (mem. op.). 
We rendered judgment in favor of EOG, holding that "EOG is entitled to a fixed
77.5% of 8/8ths net revenue interest in the lease properties." Id. We also held that
"Jay's reserved interest of 2.0425% was conditional and subject to any existing,
although unknown, lease burdens," so Jay's royalty interest must be reduced after
discovery of another party's interest. Id. This Court's mandate to the trial court
stated:

 The cause heard today by the Court is an appeal from the judgment
signed by the court below on February 17, 2003. After submitting the
cause and inspecting the record of the court below, it is the opinion of
this Court that there was reversible error in the judgment. It is therefore
CONSIDERED, ADJUDGED, and ORDERED that the judgment of the
court below be in all things reversed and that judgment be rendered that
the partial summary judgment of appellant, EOG RESOURCES, INC.,
be granted and that the motion for final summary judgment by appellee,
JAY PETROLEUM, L.L.C., be denied, and that appellee, JAY
PETROLEUM, L.L.C., take nothing on its claims against appellant, EOG
RESOURCES, INC.


 It is further ORDERED that the appellee, JAY PETROLEUM,
L.L.C., pay all costs incurred by reason of this appeal.


 It is further ORDERED that this decision be certified below for
observance.


 Jay moved for rehearing and for en banc reconsideration, which we denied. Jay
also petitioned the Texas Supreme Court for review, which was denied. EOG did not
file any motions or petitions for reconsideration of our decision. 

 After our mandate issued, EOG moved for summary judgment in the trial court,
requesting that the trial court grant relief in accordance with this Court's judgment and
mandate, and award attorney's fees based on the contract. EOG's motion for summary
judgment asserted that EOG, as the prevailing party, was entitled to reasonable
attorney's fees pursuant to the terms of the agreement, and that $213,750 was a
reasonable amount. EOG attached as evidence a copy of the agreement; oil and gas
assignments establishing EOG's interest; this Court's opinion, judgment, and mandate
from the previous appeal; and the affidavit of Labanowski, EOG's attorney. 

 Jay responded to EOG's motions by filing a motion to dismiss, asserting that the
trial court lacked jurisdiction. Jay challenged the trial court's jurisdiction on the
grounds that EOG waived the issue of attorney's fees by failing to raise the issue on
appeal, and alternatively, because "the finality of judgments, waiver, and res judicata
prevent EOG's recovery of attorney's fees." On the merits of EOG's motion for
summary judgment for attorney's fees, Jay responded that the amount of attorney's
fees was unreasonable, attaching as evidence the affidavit of Robbins, attorney for Jay,
who stated that the $213,750 fee requested by EOG was "not reasonable and
customary."

 In May 2008, the trial court issued an order that conformed to our
determinations in our mandate, stating that Jay take nothing on its claims against EOG
and granting EOG's cross-motion for partial summary judgment on its request for
declaratory judgment. The court also granted EOG's motion for summary judgment,
awarding EOG $213,750 in attorney's fees, plus an additional $75,000 if the case is
appealed to the court of appeals, plus an additional $50,000 if the case is appealed to
the Texas Supreme Court. EOG later filed an unopposed motion to nonsuit its
remaining claims for breach of contract, conversion, unjust enrichment, and exemplary
damages. Thus, this appeal concerns only the trial court's grant of summary judgment
on EOG's counterclaim for attorney's fees. 

Waiver

 In its second issue, Jay asserts EOG waived its counterclaim for attorney's fees
in the prior appeal by (A) praying that this Court reverse and render judgment, and (B)
failing to file a motion for rehearing requesting this Court to remand the case for
consideration of its counterclaims, including attorney's fees, and failing to petition the
Texas Supreme Court for review. We conclude EOG did not waive its request for
attorney's fees.

 A. EOG's Prayer for Relief

 Jay contends EOG asked for rendition only, which would preclude a remand to
the trial court.

 A court cannot grant relief that a party fails to request. If an appellant requests
reversal and rendition of judgment, an appellate court will not reverse and remand. 
Molina v. Moore, 33 S.W.3d 323, 327 (Tex. App.--Amarillo 2000, no pet.) ("Should
we determine, in considering appellant's issue on this appeal, that the record contains
error warranting reversal and that remand for a new trial would be the appropriate
remedy, we are not authorized to remand for a new trial because appellant has
requested this court only to reverse and render judgment in her favor." (citing Stevens
v. Nat'l Educ. Ctrs, Inc., 11 S.W.3d 185, 186 (Tex. 2000))); see also Lentino v. Cullen
Ctr. Bank & Trust, No. 14-00-00692-CV, 2002 WL 220421, at *11 (Tex.
App.--Houston [14th Dist.] Feb. 14, 2002, pet denied) (not designated for
publication) ("We cannot grant relief appellants do not request."); W. End API, Ltd.
v. Rothpletz, 732 S.W.2d 371, 374 (Tex. App.--Dallas 1987, writ ref'd n.r.e.) ("What
can be better established than the proposition that relief that has not been prayed
cannot be granted?"). 

 In its appellant's brief challenging the trial court's February 17, 2003 final
judgment in favor of Jay, EOG requests relief under three alternatives. The first
alternative asks us to render judgment that the agreement is unambiguous and "render
judgment for EOG, reserving to Jay its 1.254218% overriding royalty interest." The
second alternative asks us to render judgment that the agreement is unambiguous and
remand the case for calculation of the amount of EOG's judgment. The third
alternative does not ask us to render anything, but to "remand this case for
determination of the fact issues associated with EOG's counterclaims." 

 In our judgment and mandate reversing the February 17, 2003 final summary
judgment, we granted EOG's first alternative request for rendition in favor of EOG on
the declaratory judgment concerning the contract. Therefore, our opinion and mandate
disposed of EOG's requests for relief asserted under the first and second alternatives
because both of those alternatives concerned the declaratory judgment only. We also
granted EOG's third alternative request that we remand the counterclaims to the trial
court. We did this by reversing the summary judgment that had resolved the
counterclaims, which made those counterclaims live again by ordering the trial court
to observe our decision. 

 Examining the prayer for relief in the context of all of the issues in the appeal,
EOG's prayer seeks different remedies for the different types of claims. EOG
requested rendition of the declaratory judgment, to which it would be entitled if it
prevailed on the merits because there were cross-motions for summary judgment. See
CU Lloyd's of Tex. v. Feldman, 977 S.W.2d 568, 569 (Tex. 1998). EOG requested
remand of the counterclaims because reversal of Jay's motion for summary judgment
on the counterclaims would not resolve those claims but, rather, would only make
those claims live again since there was no opposing motion for summary judgment
filed by EOG. See id. Under rule 43.3 of the Rules of Appellate Procedure, the
remand was necessary for further proceedings to resolve the counterclaim for
attorney's fees that became live with the reversal of the summary judgment that had
resolved that claim. See Tex. R. App. P. 43.3. We hold EOG did not waive its
counterclaims because its appellate brief in the underlying appeal did request remand
of the counterclaims, which was the only possible way to resolve the counterclaims
upon reversal of Jay's motion for summary judgment. 

 B. EOG's Failure to Challenge the Mandate

 Jay contends EOG waived consideration of attorney's fees upon remand by not
filing a motion for rehearing or petition to the Texas Supreme Court to correct the
mandate that, according to Jay, did not remand the case to the trial court. 

 "When reversing a trial court's judgment, the court must render the judgment
that the trial court should have rendered, except when: (a) a remand is necessary for
further proceedings; or (b) the interests of justice require a remand for another trial." 
Tex. R. App. P. 43.3. An appellate court's remand returns jurisdiction over a case to
the trial court. See Black's Law Dictionary 1295 (7th ed. 1999) (defining
"remand" as "[t]he act or an instance of sending something (such as a case, claim, or
person) back for further action"). An appellate court's order to render judgment makes
the appellate court's judgment the judgment of both the appellate and trial courts. 
Cook v. Cameron, 733 S.W.2d 137, 139 (Tex. 1987). 

 Here, the mandate reversed and rendered in part, and reversed and remanded in
part. The mandate plainly rendered judgment in favor of EOG on the declaratory
judgment and it clearly ordered a take-nothing judgment against Jay on Jay's claims
against EOG. Excluding the references to the rendition in favor of EOG on the
declaratory judgment and the rendition against Jay on Jay's claims against EOG, the
mandate ordered "that the judgment of the court below be in all things reversed." 
(Emphasis added). The mandate also ordered "that the motion for final summary
judgment by . . . Jay . . . be denied." The mandate then ordered that "this decision be
certified below for observance." The mandate plainly reversed the summary judgment
on the counterclaims, which necessarily made those counterclaims live. Moreover, the
mandate ordered the trial court to certify and observe our decision, which necessarily
ordered the trial court to consider the now live claims. EOG had no reason to request
rehearing or petition the Texas Supreme Court because the mandate authorized the
trial court to consider the counterclaims. We hold EOG did not waive its
counterclaims by failing to assert an appellate challenge to our mandate

Res Judicata

 Also in its second issue, Jay contends EOG's claim for attorney's fees is barred
by res judicata. 

 The doctrine of res judicata bars a second suit by parties on matters actually
litigated in an earlier suit, as well as claims "'which, through the exercise of diligence,
could have been litigated in a prior suit.'" Getty Oil Co. v. Ins. Co. of N. Am., 845
S.W.2d 794, 799 (Tex. 1992) (quoting Barr v. Resolution Trust Corp., 837 S.W.2d
627, 631 (Tex. 1992)). Texas follows the transactional approach to res judicata, which
requires claims arising out of the same subject matter to be litigated in a single lawsuit. 
Hallco Tex., Inc. v. McMullen County, 221 S.W.3d 50, 58 (Tex. 2006); Barr, 837
S.W.2d at 631. For res judicata to apply, there must be: (1) a prior final judgment on
the merits by a court of competent jurisdiction; (2) identity of parties or those in
privity with them; and (3) a second action based on the same claims that were raised
or could have been raised in the first action. Amstadt v. U.S. Brass Corp., 919 S.W.2d
644, 652 (Tex. 1996).

 Here, the third element of res judicata is not met because there is no second
action concerning these claims. The reversal of Jay's motion for summary judgment
made the counterclaims live again, which does not constitute res judicata because the
matter of attorney's fees was never finally determined.See Tex. Water Rights Comm'n
v. Crow Iron Works, 582 S.W.2d 768, 771 (Tex. 1979) (stating res judicata requires
cause "finally determined, without appeal"). 

 We also note that when we rendered the declaratory judgment in favor of EOG,
EOG could seek a subsequent application for relief based on rights declared in the
prior judgment, "even though such relief could have been granted in the original
action," unless such application was actually considered and denied in the original
action. State v. Anderson Courier Serv., 222 S.W.3d 62, 66 (Tex. App.--Austin 2005,
pet. denied); Valley Oil Co. v. City of Garland, 499 S.W.2d 333, 335 (Tex. Civ.
App--Dallas 1973, no writ). As our sister court explained, 

[T]he rationale for this apparent departure from the usual rule of res
judicata is that the losing party in a declaratory judgment action can
normally be expected to recognize the rights declared by the judgment
and act accordingly, but that if he fails to do so, the court should have
ample power to enforce the judgment by subsequent coercive orders,
whether or not such relief was sought in the original action. 


Valley Oil Co., 499 S.W.2d at 336; see also 3 William V. Dorsaneo III, Texas
Litigation Guide § 45.03 (2008) ("After a party has obtained a declaratory judgment,
a subsequent suit may be brought for further relief if it is necessary or proper. [Citation
omitted.] This rule involves a departure from the strict application of res judicata,
which would ordinarily bar a subsequent proceeding because coercive relief could
have been granted in the original action. It is justified on the theory that the loser may
be expected to recognize the rights declared by the judgment, and if not, some form
of compulsion should be available."). Because the trial court never had the
opportunity to consider EOG's request for attorney's fees following our declaratory
judgment in favor of EOG, EOG could not be barred by res judicata to pursue that
claim for relief based on rights declared by our judgment.

 We hold EOG's counterclaim for attorney's fees is not barred by res judicata. 
We overrule Jay's second issue. 

Jurisdiction

 In its first issue, Jay contends the trial court lacked jurisdiction to address
attorney's fees because the mandate rendered judgment rather than remanding the
case. 

 The trial court has the ministerial duty to observe and carry out our mandate. 
See Myers v. Myers, 515 S.W.2d 334, 335 (Tex. App.--Houston [1st Dist.] 1974, writ
dism'd) ("When an appellate court renders a judgment in a case the district court . . .
must observe and carry out the mandate of the appellate court. Its orders carrying out
the mandate are ministerial."). "Trial judges must do the best they can" to follow what
the court of appeals says in its mandate. Madeksho v. Abraham, 112 S.W.3d 679, 691
(Tex. App.--Houston [14th Dist.] 2003, pet. denied). Here, the trial court properly
complied with our mandate. The trial court carried out the ministerial duty of
imposing the declaratory judgment and the take-nothing judgment on Jay's claims
against EOG. The trial court also properly addressed the request for attorney's fees
because those claims were remanded to the trial court when we reversed the trial
court's denial of Jay's motion for final summary judgment, making the counterclaims
live again, and we ordered the trial court to observe our decision, which meant it
necessarily had to address those revived counterclaims. 

 We are not persuaded that the decisions in Martin v. Credit Protection
Association, Inc., 824 S.W.2d 254 (Tex. App.--Dallas, 1992, dism. w.o.j.); Harris
County Children's Protective Servs v. Olvera, 971 S.W.2d 172 (Tex. App.--Houston
[14th Dist.] 1998, pet. denied), and Lake v. Lake, 899 S.W.2d 737 (Tex. App.--Dallas
1995, no writ) require that we hold the trial court lacked jurisdiction. In holding that
the trial court lacked jurisdiction to address attorney's fees following the Texas
Supreme Court's mandate, the appellate court noted that Martin sought "affirmative
relief additional to that given in the mandate and not necessary to its implementation,"
and that "[g]ranting additional relief would thus interfere with the mandate." Martin,
824 S.W.2d at 256-57. Unlike Martin, our mandate revives the counterclaims in the
reversal of the summary judgment. Thus, the claim for attorney's fees here is not
"additional relief" that would interfere with the mandate, but rather a request for relief
consistent with the dictates of the mandate. The Fifth Court of Appeals in Martin also
noted that "[a] party cannot try his action in pieces," id. at 257, but Jay has not done
that. His remaining counterclaims, which our judgment and mandate revived, only
became live with the reversal of the final summary judgment that had rendered the
declaratory judgment in favor of Jay. See id. at 256. 

 The reversals in Olvera and Lake were based on the trial court's error by
addressing attorney's fees when the mandate allowed remand for "costs" and a
"credit." See Roy, 112 S.W.3d at 683-84; Lake, 899 S.W.2d at 74. Unlike those
cases, here the remand was for attorney's fees and not some other type of fee.

 We hold the trial court properly applied the mandate we issued and had
jurisdiction over EOG's claim for attorney's fees. We overrule Jay's first issue.

Reasonableness of Attorney's Fees

 In his third issue, Jay challenges the summary judgment for the amount of
attorney's fees by asserting that Jay's opposing affidavit by Robbins raised an issue
of fact on the amount of attorney's fees. 

 Under the standard of review for a traditional summary judgment, the moving
party must establish that no material fact issue exists, and that it is entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a(c); M.D. Anderson Hosp. & Tumor Inst. v.
Willrich, 28 S.W.3d 22, 23 (Tex. 2000). The motion must state the specific grounds
relied upon for summary judgment. Tex. R. Civ. P. 166a(c). In reviewing a traditional
summary judgment, we must indulge every reasonable inference in favor of the
nonmovant, take all evidence favorable to the nonmovant as true, and resolve any
doubts in favor of the nonmovant. Valence Operating Co. v. Dorsett, 164 S.W.3d 656,
661 (Tex. 2005). In deciding the reasonableness of attorney's fees, a court should
consider the eight factors described in Arthur Andersen & Co. v. Perry Equipment
Corp. See 945 S.W.2d 812, 818 (Tex. 1997) (citing Tex. Disciplinary R. Prof'l
Conduct 1.04). 

 In its motion for summary judgment, EOG attached the affidavit of Labanowski,
EOG's attorney. In that affidavit, Labanowski testifies that the "novelty and difficulty
of the questions and issues involved in this case has reasonably required the
expenditure of at least 950 hours in the defense of Jay's claims and in the prosecution
of EOG's counterclaims." Labanowski also testifies that a "fair, reasonable, and
customary rate for the performance of such services is $225 per hour." In its response
to EOG's motion for summary judgment, Jay asserts, among other things, that there
is insufficient evidence to support the trial court's award of $213,750 in attorney's
fees, plus an additional $75,000 if the case is appealed to this Court, plus an additional
$50,000 if a party petitions the Texas Supreme Court. Specifically, Jay states:
"Considering that, at the trial level, this case was disposed of by a summary judgment
motion and never reached trial, EOG's fees are unreasonable. This case only involved
basic discovery, two depositions, five motions, and a few hearings." Jay attached to
its response the affidavit of Robbins, Jay's attorney, who stated he considered each of
the eight Arthur Andersen factors a court should consider in deciding the
reasonableness of attorney's fees. Robbins concedes that Labanowski's fee rate of
$225 per hour is reasonable, Labanowski's experience and ability are reasonable, and
the amount in controversy is $105,751.44. Robbins, however, challenges the
adequacy of Labanowski's affidavit concerning the other five Arthur Andersen factors. 
Robbins disputes that Labanowski actually spent in excess of 950 hours on the case
and that working 950 hours on a case decided by summary judgment is reasonable. 
Robbins concludes that "the requested fee is not reasonable and customary in light of
all pertinent facts and considerations."

 Taking all evidence favorable to Jay as true, see Valence Operating Co., 164
S.W.3d at 661, including the affidavit of Robbins, we conclude a fact issue exists
concerning the reasonableness of EOG's attorney's fees. We hold the trial court erred
by awarding summary judgment for attorney's fees in favor of EOG. We sustain Jay's
third issue.


Conclusion

 We reverse the judgment of the trial court and remand the case for further
proceedings on the issue of the amount of attorney's fees.



 Elsa Alcala

 Justice

Panel consists of Chief Justice Radack and Justices Alcala and Hanks.