ACCEPTED
03-15-00386-CV
6707167
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/28/2015 3:44:57 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00386-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/28/2015 3:44:57 PM
JEFFREY D. KYLE
Clerk

HARRIS COUNTY HOSPITAL DISTRICT,
Appellant

v.

PUBLIC UTILITY COMMISSION OF TEXAS,
Appellee

Appealed from the 250th District Court
of Travis County, Texas
Trial Court Cause No. D-1-GN-09-002116

## APPELLANT'S BRIEF

VINCE RYAN
Harris County Attorney

BRUCE S. POWERS
Assistant County Attorney
State Bar No. 16215500
1019 Congress, 15th Floor
Houston, Texas 77002
(713) 274-5144 (telephone)
(713) 755-8924 (facsimile)
bruce.powers@cao.hctx.net

ATTORNEY FOR APPELLANT

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

The names of all parties and counsel to this appeal are:

| | |
|---|---|
| Plaintiff/Appellant: | Counsel for Plaintiff/Appellant: |
| Harris County Hospital District | Bruce S. Powers<br>Assistant County Attorney<br>Randall Raymond Smidt<br>Assistant County Attorney<br>1019 Congress, 15th Floor<br>Houston, Texas 77002 |
| | Trial Counsel for Plaintiff/Appellant: |
| | Thomas R. Bray<br>1431 Wirt Road, Suite 140<br>Houston, Texas 77055 |
| | Edward J. Hennessy<br>2900 Weslayan, Suite 550<br>Houston, Texas 77027 |
| Defendant/Appellee: | Counsel for Defendant/Appellee: |
| Public Utility Commission of Texas | Elizabeth R. B. Sterling<br>Assistant Attorney General<br>Environmental Protection Division<br>Office of the Attorney General<br>P.O. Box 12548, MC-066<br>Austin, Texas 78711-2548 |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................ ii

INDEX OF AUTHORITIES.........................................................................iv

STATEMENT OF THE CASE........................................................................1

ISSUES PRESENTED...................................................................................2

STATEMENT OF FACTS .............................................................................3

SUMMARY OF THE ARGUMENT ..............................................................5

ARGUMENT ...............................................................................................7

ISSUE NO. 1.................................................................................................7

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO CONSIDER THE ISSUE OF FEES FOR THE HOSPITAL DISTRICT'S ATTORNEYS AND EXPERT WITNESS AND IN RENDERING JUDGMENT DENYING SUCH FEES WITHOUT GIVING THE DISTRICT THE OPPORTUNITY TO PRESENT EVIDENCE ON THE ISSUE.

ISSUE NO. 2.................................................................................................7

WHETHER THE TRIAL COURT ERRED IN FINDING THAT THIS COURT DECLINED THE DISTRICT'S "CLAIMS" UNDER TEXAS UTILITIES CODE § 15.003 IN THE PREVIOUS APPEAL.

PRAYER ....................................................................................................12

CERTIFICATE OF COMPLIANCE...........................................................13

CERTIFICATE OF SERVICE ....................................................................14

APPENDIX

# INDEX OF AUTHORITIES

**CASES**                                                                **page**

*Chessher v. Southwestern Bell Telephone Co.*,
658 S.W.2d 563 (Tex. 1983)(per curiam)..............................................................12

*Harris County Hosp. Dist. v. Public Utility Com'n of Texas*,
No. 03-10-00647-CV, 2012 WL 2989228, at *8 (Tex. App.—Austin
July 13, 2012, no pet.)(mem. op.) ...........................................................1, 3, 4, 9

*International Security Life Ins. Co. v. Spray*,
468 S.W.2d 347 (Tex. 1971)...................................................................................9

*Jay Petroleum, L.L.C. v. EOG Resources, Inc.*,
332 S.W.3d 534 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ..............10, 11

*Southwest Galvanizing, Inc. v. Eagle Fabricators, Inc.*,
447 S.W.3d 473 (Tex. App.—Houston [14th Dist.] 2014, no pet.).........................11

*Texas Education Agency v. Maxwell*,
937 S.W.2d 621 (Tex. App.—Eastland 1997, writ denied)................................9, 10

**STATUTES**

Tex. Gov't Code Ann. § 311.016(2) ........................................................................8

Tex. Util. Code Ann.  § 11.003(16) ........................................................................8

Tex. Util. Code Ann. § 11.008...............................................................................8

Tex. Util. Code Ann. §15.003(a) .......................................................................7, 8

Tex. Util. Code Ann. §15.003(b) .......................................................................8, 9

**RULES**

Tex. R. App. P. 38.1(g) ...........................................................................................3

No. 03-15-00386-CV

---

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

---

HARRIS COUNTY HOSPITAL DISTRICT,
Appellant

v.

PUBLIC UTILITY COMMISSION OF TEXAS,
Appellee

---

Appealed from the 250th District Court
of Travis County, Texas
Trial Court Cause No. D-1-GN-09-002116

---

**APPELLANT'S BRIEF**

---

TO THE HONORABLE COURT OF APPEALS:

## STATEMENT OF THE CASE

This is a suit for judicial review of a final order of the Public Utility Commission of Texas. (CR 3). In a previous appeal this Court reversed a trial court order affirming the Commission's order and remanded with instructions that the case be remanded to the Commission for further proceedings consistent with this Court's opinion. *Harris County Hosp. Dist. v. Public Utility Com'n of Texas*, No. 03-10-00647-CV, 2012 WL 2989228, at *8 (Tex. App.—Austin July 13, 2012,

1

no pet.)(mem. op.). (CR 71). On remand the trial court signed a final judgment which reversed the Commission's order and remanded the case to the Commission for further proceedings consistent with this Court's opinion. (CR 148). The Commission was ordered to pay all costs relating to the appeal and all relief not specifically granted was denied. (CR 149). The Hospital District's Motion for New Trial, which included a Motion to Set Attorney's Fees and Award Attorney's Fees, Expert Witness Fees and other Costs, was denied by operation of law after the trial court declined the District's request for an oral hearing. (CR 151, 225). The Hospital District then perfected this appeal. (CR 292).

## ISSUES PRESENTED

### ISSUE NO. 1

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO CONSIDER THE ISSUE OF FEES FOR THE HOSPITAL DISTRICT'S ATTORNEYS AND EXPERT WITNESS AND IN RENDERING JUDGMENT DENYING SUCH FEES WITHOUT GIVING THE DISTRICT THE OPPORTUNITY TO PRESENT EVIDENCE ON THE ISSUE.

### ISSUE NO. 2

WHETHER THE TRIAL COURT ERRED IN FINDING THAT THIS COURT DECLINED THE DISTRICT'S "CLAIMS" UNDER TEXAS UTILITIES CODE § 15.003 IN THE PREVIOUS APPEAL.

## STATEMENT OF FACTS

In the instant case the "facts pertinent to the issues or points presented" all relate to the procedural history of the case. Tex. R. App. P. 38.1(g). Those facts are these. The Harris County Hospital District prevailed in the previous appeal of this proceeding for review. This Court's mandate in that appeal contained the following language:

> **THIS CAUSE** came on to be heard on the record of the court below, and the same being considered, because it is the opinion of this Court that there was error in the trial court's judgment: **IT IS THEREFORE** considered, adjudged and ordered that the judgment of the trial court is reversed, and that the cause is remanded to the trial court with instructions that the case be remanded to the Commission for further proceedings consistent with this opinion. It is **FURTHER** ordered that the appellee pay all costs relating to this appeal, both in this Court and the court below; and that this decision be certified below for observance.[1]
>
> Wherefore, we command you to observe the order of our Court of Appeals in this behalf and in all things have the order duly recognized, obeyed, and executed.

(CR 87). The Court's opinion concluded with the following:

> For these reasons, we conclude that the Commission's finding that "it was appropriate to limit the amount that AT&T should refund to the amount of overcharges over the last six and one-half years, plus interest" and its corollary decision to order a partial refund to be arbitrary and capricious. *See id.*; *Starr Cnty.*, 584 S.W.2d at 356. We also conclude that the Commission's arbitrary limitation on the recovery period prejudiced substantial rights of the District. *See* Tex. Gov't Code Ann. § 2001.174(2). We sustain the District's second and third issues on this basis and need not

---

[1] The Court's judgment was identically worded. (CR 70).

3

address the District's remaining arguments and issues.[6] *See* Tex. R. App. P. 47.1.

## CONCLUSION

Because we conclude that the Commission's order was arbitrary and capricious and prejudiced substantial rights of the District, we reverse the order of the trial court and remand with instructions that the case be remanded to the Commission for further proceedings consistent with this opinion.

_____

[6] To the extent that the District seeks to have this Court order the Commission to adopt the ALJ's proposal for decision and to award it expert's fees and attorney's fees, we decline to do so. *See* Tex. Gov't Code Ann. § 2001.174(2)(West 2008); Tex. Util. Code Ann. § 15.003 (West 2007); *Ford Motor Co.* v. *Butnaru*, 157 S.W.3d 142, 149 (Tex. App.—Austin 2005, no pet.)("In a suit for judicial review of an agency action, the reviewing court is empowered to issue only a general remand when it finds error that prejudices an appellant's substantial rights.").

(CR 84-85).

On remand the Hospital District filed its Motion for Order Remanding Overbilling Claims to the Public Utility Commission of Texas and its Motion to Sever Claims for Attorney and Expert Fees and Costs, and to Abate the Severed Claims. (CR 90, 114). The trial court considered the two motions at a nonevidentiary hearing on January 22, 2015. On March 27, 2015, the trial court signed the Final Judgment sub judice, which contains the following finding:

> The Court finds that, although the Court of Appeals reversed this Court's judgment affirming the Commission's order, the Court of Appeals declined the District's claims under Texas Utilities Code § 15.003 for attorneys and expert witnesses and other costs for the party's efforts before the Commission and the court. Therefore, the Court denies the District's request to sever that claim into a different lawsuit.

(CR 149.) The trial court denied all relief which was not specifically granted in the judgment. (CR 149). As a result, the District's claim for attorney's fees and expert witness fees was denied.

## SUMMARY OF THE ARGUMENT

Section 15.003 of the Texas Utilities Code provides that a party represented by counsel who alleges that existing rates are excessive or that rates prescribed by the Commission are excessive and who prevails in a proceeding for review is entitled to recover against the regulation fund reasonable fees for attorneys and expert witnesses and other costs for the party's efforts before the Commission and the court. In this proceeding for review the Hospital District alleged that the "rate" that was charged by AT&T during a thirteen year period was unjust and unreasonable and therefore improper and prohibited. The District further alleged that it is entitled to a refund of the "overbillings" for the entire period of the "overcharges". Therefore, when the District prevailed in the previous appeal of this case, it became "entitled" to recover reasonable fees for attorneys and expert

5

witnesses and other costs. The trial court denied such relief when it signed the final judgment in this cause.

When this case was remanded to the trial court following the previous appeal, the Commission argued that any Section 15.003 claim was extinguished in the appeal. It based this contention on footnote 6 of this Court's opinion. However, in footnote 6 the Court did not decline the District's "claims" under Texas Utilities Code §15.003. The Court simply declined to award expert's fees and attorney's fees to the extent that the District sought to have the Court, itself, do so. The issue of fees was simply a matter for the trial court to address in the first instance. In failing to consider the issue of fees for the District's attorneys and expert witness and in rendering judgment denying such fees without giving the District the opportunity to present evidence on the issue, the trial court clearly abused its discretion.

The Hospital District submits that the Commission's contention that nothing in this Court's opinion, judgment, or mandate allowed the trial court to consider the District's Section 15.003 claim is based on a misinterpretation of the Court's rulings. This Court's reversal of the trial court's judgment in the previous appeal necessarily made the claim for attorney's fees and expert witness fees live again. Further, the mandate ordered the trial court to certify and observe this Court's decision, which necessarily ordered the trial court to consider the now live claim

for attorney's fees and expert witness fees. The trial court's failure to do so was contrary to the mandate and was an abuse of discretion.

## ARGUMENT

### ISSUE NO. 1 (RESTATED)

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO CONSIDER THE ISSUE OF FEES FOR THE HOSPITAL DISTRICT'S ATTORNEYS AND EXPERT WITNESS AND IN RENDERING JUDGMENT DENYING SUCH FEES WITHOUT GIVING THE DISTRICT THE OPPORTUNITY TO PRESENT EVIDENCE ON THE ISSUE.

### ISSUE NO. 2 (RESTATED)

WHETHER THE TRIAL COURT ERRED IN FINDING THAT THIS COURT DECLINED THE DISTRICT'S "CLAIMS" UNDER TEXAS UTILITIES CODE § 15.003 IN THE PREVIOUS APPEAL.

### ARGUMENT AND AUTHORITIES UNDER ISSUES NO. 1 AND 2

Section 15.003 of the Texas Utilities Code provides that a party represented by counsel who alleges that existing rates are excessive or that rates prescribed by the Commission are excessive and who prevails in a proceeding for review is entitled to recover against the regulation fund reasonable fees for attorneys and expert witnesses and other costs for the party's efforts before the Commission and the court. Tex. Util. Code Ann. §15.003(a). As used in Section 15.003 the term

7

"rate" includes "any compensation, tariff, charge, fare, toll, rental, or classification that is directly or indirectly demanded, observed, charged, or collected by a public utility for a service." Tex. Util. Code Ann. § 11.003(16). Section 11.008 of the Code provides that Title 2, of which Section 15.003 is a part, "shall be construed liberally." Tex. Util. Code Ann. § 11.008.

In this proceeding for review the Hospital District alleged that the "rate" that was charged by AT&T during a thirteen year period was unjust and unreasonable and therefore improper and prohibited. The District further alleged that it is entitled to a refund of the "overbillings" for the entire period of the "overcharges". (CR 10). Therefore, when the District prevailed in the previous appeal of this case, it became "entitled" to recover reasonable fees for attorneys and expert witnesses and other costs. Tex. Util. Code Ann. § 15.003(a). The statute provides that in that circumstance the court "shall" set the amount of attorney's fees awarded. Tex. Util. Code Ann. §15.003(b).[2] Nevertheless, the trial court denied such relief when it signed the Final Judgment in this cause. (CR 148, 149).

When this case was remanded to the trial court following the previous appeal, the Commission argued that "[a]ny Section 15.003 claim was extinguished in the appeal." It based this contention on footnote 6 of this Court's opinion. (CR 124). The Commission further argued that nothing in this Court's opinion,

---

[2] The Legislature's use of the word "shall" in the Code "imposes a duty." Tex. Gov't Code Ann. § 311.016(2).

8

judgment or mandate allowed the trial court to consider the District's Section 15.003 claim. (CR 124). The trial court apparently accepted these arguments since it expressly found that this Court "declined the District's claims under Texas Utilities Code §15.003 for attorneys and expert witnesses and other costs." (CR 149). However, that was a misinterpretation of footnote 6 of this Court's opinion.

In footnote 6 the Court did not decline the District's "claims" under Texas Utilities Code § 15.003. The Court simply declined to award expert's fees and attorney's fees "to the extent that" the District sought to have the Court, itself, do so. Certainly, the Court could not initiate such an award, "since this would be the exercise of original rather than appellate jurisdiction." *International Security Life Ins. Co. v. Spray*, 468 S.W.2d 347, 349 (Tex. 1971). Declining to exercise a jurisdiction which the Court did not have did not constitute a ruling on the merits of the District's claim. Moreover, since the Court had just determined that the District should prevail in the proceeding for review, the Court would have had no reason to deny the District's entitlement to recover fees under Section 15.003. The issue of fees was simply a matter for the trial court to address in the first instance. Tex. Util. Code Ann. §15.003(b). In failing to consider the issue of fees for the District's attorneys and expert witness and in rendering judgment denying such fees without giving the District the opportunity to present evidence on the issue, the trial court clearly abused its discretion. Compare *Texas Education Agency v.*

*Maxwell*, 937 S.W.2d 621, 623 (Tex. App.—Eastland 1997, writ denied)("We hold that the trial court abused its discretion in failing to consider the issue of attorney's fees and in rendering judgment denying attorney's fees without giving plaintiffs the opportunity to present evidence on the issue.")(case brought under 42 U.S.C. § 1983).

The Hospital District submits that the Commission's contention that nothing in this Court's opinion, judgment, or mandate allowed the trial court to consider the District's Section 15.003 claim is also based on a misinterpretation of the Court's rulings. In that regard, this case is similar to the procedural circumstances described in *Jay Petroleum, L.L.C. v. EOG Resources, Inc.*, 332 S.W.3d 534 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). In a prior appeal of that case the court of appeals had reversed the judgment of the trial court, stating, "The trial court erred by granting Jay's motion for final summary judgment on its breach of contract and conversion claims, and by denying EOG's motion for partial summary judgment." *Id*. at 537. The court's mandate stated the following:

> "The cause heard today by the Court is an appeal from the judgment signed by the court below on February 17, 2003. After submitting the cause and inspecting the record of the court below, it is the opinion of this Court that there was reversible error in the judgment. It is therefore CONSIDERED, ADJUDGED, and ORDERED that the judgment of the court below be in all things reversed and that judgment be rendered that the partial summary judgment of appellant, EOG RESOURCES, INC., be granted and that the motion for final summary judgment by appellee, JAY PETROLEUM, L.L.C., be

10

> denied, and that appellee, JAY PETROLEUM, L.L.C., take nothing
> on its claims against appellant, EOG RESOURCES, INC.
>
> It is further ORDERED that the appellee, JAY PETROLEUM, L.L.C.,
> pay all costs incurred by reason of this appeal.
>
> It is further ORDERED that this decision be certified below for
> observance."

*Id.* On remand the trial court granted EOG's motion for summary judgment and awarded EOG its attorney's fees. On the second appeal Jay Petroleum contended that the mandate did not remand the case to the trial court. However, the court of appeals said the following:

> "The mandate plainly reversed the summary judgment on the counter-
> claims, which necessarily made those counterclaims live. Moreover,
> the mandate ordered the trial court to certify and observe our decision,
> which necessarily ordered the trial court to consider the now live
> claims."

*Id.* at 540. The court therefore overruled Jay Petroleum's issues concerning waiver, res judicata and lack of jurisdiction. *Id*. at 540-542.

Similarly, in the instant case, this Court's reversal of the trial court's judgment in the previous appeal necessarily made the claim for attorney's fees and expert witness fees live again. Further, the mandate ordered the trial court to certify and observe this Court's decision, which necessarily ordered the trial court to consider the now live claim for attorney's fees and expert witness fees. *Id*. The trial court's failure to do so was contrary to the mandate and was an abuse of discretion. *Southwest Galvanizing, Inc. v. Eagle Fabricators, Inc.*, 447 S.W.3d

11

473, 478 (Tex. App.—Houston [14th Dist.] 2014, no pet.)("After this court directed its mandate to the trial court, the trial court had jurisdiction to enforce our mandate. The trial court, however, had no discretion but to enforce it; signing an order contrary to our mandate would be an abuse of discretion.")(citation omitted). The trial court denied the District's claim for attorney's fees and expert witness fees sua sponte. The Commission had filed no motion seeking the dismissal of the claim. The trial court clearly erred in proceeding to the rendition of a final judgment which summarily denied the requested relief in that circumstance. Compare *Chessher v. Southwestern Bell Telephone Co.*, 658 S.W.2d 563, 564 (Tex. 1983)(per curiam)("It is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding.").

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant Harris County Hospital District respectfully prays that the portion of the trial court's judgment which denied the District's claim for attorney's fees and expert witness fees be reversed and remanded with instructions that the trial court conduct a hearing to determine the amount of reasonable attorney's fees and expert witness fees which should be awarded to the District.

Respectfully submitted,

VINCE RYAN
Harris County Attorney

*/s/ Bruce S. Powers*
Bruce S. Powers
Assistant County Attorney
State Bar No. 16215500
1019 Congress, 15th Floor
Houston, Texas 77002
(713) 274-5144 (telephone)
(713) 755-8924 (facsimile)
bruce.powers@cao.hctx.net

ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this document complies with the word-count limitations of Tex. R. App. P. 9.4. Relying on the word count of the computer program used to prepare this document, it contains 2,740 words.

*/s/ Bruce S. Powers*
Bruce S. Powers
Assistant Harris County Attorney

13

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of August, 2015, a true and correct copy of the foregoing APPELLANT'S BRIEF was served electronically upon Defendant Public Utility Commission of Texas' counsel, Elizabeth R. B. Sterling, Assistant Attorney General, Environmental Protection Division, Office of the Attorney General, P.O. Box 12548, MC-066, Austin, Texas 78711-2548.

*/s/ Bruce S. Powers*
Bruce S. Powers
Assistant County Attorney

**APPENDIX**

Table of Contents

Tab No.        Description

1              Final Judgment

2              Tex. Util. Code Ann. §15.003

Tab 1
Final Judgment

Filed In The District Court
of Travis County, Texas

MAR 27 2015

At_____9:59____A.M.
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-09-002116

| | | |
|---|---|---|
| HARRIS COUNTY HOSPITAL DISTRICT,<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| | §<br>§ | |
| V. | §<br>§ | OF TRAVIS COUNTY, TEXAS |
| PUBLIC UTILITY COMMISSION OF TEXAS,<br>Defendant. | §<br>§<br>§<br>§ | 250th JUDICIAL DISTRICT |

## FINAL JUDGMENT

On January 22, 2015, the Court considered two motions filed by the Harris County Hospital District (District): 1) Motion for Order Remanding Overbilling Claims to the Public Utility Commission of Texas and 2) Motion to Sever Claims for Attorney and Expert Fees and Costs and to Abate the Severed Claims. All parties appeared through counsel. The Court, having considered the briefs, the pleadings, the argument of counsel, and the opinion, judgment, and mandate of the Court of Appeals for the Third District of Texas sitting in Austin, hereby denies the motion to Sever Claims for Attorney and Expert Fees and Costs and to Abate the Severed Claims. The Court further orders that the Commission's Docket 34332, *Complaint of Harris County Hospital District Against Sw. Bell Telephone, LP d/b/a AT&T Texas*, be remanded to the Commission for proceedings in accord with the opinion and judgment of the Court of Appeals for the Third District of Texas.

Although this Court previously affirmed the Commission's Docket 34332 final order, the Austin Court of Appeals reversed that decision in *Harris County*

ENTERED
148

*Hospital District v. Public Utility Commission*, 2012 WL 2989228 (Tex. App.—Austin 2012, no pet.) (mem. op., not designated for publication).

The Court finds that, although the Court of Appeals reversed this Court's judgment affirming the Commission's order, the Court of Appeals declined the District's claims under Texas Utilities Code § 15.003 for attorneys and expert witnesses and other costs for the party's efforts before the Commission and the court. Therefore, the Court denies the District's request to sever that claim into a different lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Hospital District's Motion to Sever Claims for Attorney and Expert Fees and Costs and to Abate the Severed Claims is denied.

IT IS FURTHER THEREFORE ORDERED, ADJUDGED, AND DECREED that the Final Order of the Public Utility Commission in Docket 34332 is REVERSED and remanded to the Commission for further proceedings consistent with the opinion of the Austin Court of Appeals in this case.

IT IS FURTHER ORDERED that, in accord with the Court of Appeals' mandate, the Public Utility Commission of Texas pay all costs relating to the appeal, both in the Court of Appeals and in this Court. All relief not specifically granted herein is denied. This judgment is final, disposes of all claims and all parties, and is appealable.

Signed this 27th day of _____March_____, 2015.

_____
Amy Clark Meachum, Judge Presiding

Approved as to Form

_____
Elizabeth R. B. Sterling
Assistant Attorney General
Attorneys for the Public Utility Commission of Texas

Approved as to Form Only

_____
Thomas R. Bray
Attorneys for Harris County Hospital District

3

Tab 2
Tex. Util. Code Ann. §15.003

Vernon's Texas Statutes and Codes Annotated
  Utilities Code (Refs & Annos)
    Title 2. Public Utility Regulatory Act
      Subtitle A. Provisions Applicable to All Utilities
        Chapter 15. Judicial Review, Enforcement, and Penalties (Refs & Annos)
          Subchapter A. Judicial Review

V.T.C.A., Utilities Code § 15.003

§ 15.003. Costs and Attorney's Fees

Currentness

(a) A party represented by counsel who alleges that existing rates are excessive or that rates prescribed by the commission are excessive and who prevails in a proceeding for review of a commission order or decision is entitled in the same action to recover against the regulation fund reasonable fees for attorneys and expert witnesses and other costs for the party's efforts before the commission and the court.

(b) The court shall set the amount of attorney's fees awarded under Subsection (a).

(c) If a court finds that an action under Section 15.001 or this section was groundless and brought in bad faith and for the purpose of harassment, the court may award reasonable attorney's fees to the defendant public utility.

**Credits**
Acts 1997, 75th Leg., ch. 166, § 1, eff. Sept. 1, 1997.

V. T. C. A., Utilities Code § 15.003, TX UTIL § 15.003
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**                              © 2015 Thomson Reuters. No claim to original U.S. Government Works.