**Opinion issued June 5, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00882-CV

———————————

**JONATHAN BERYL HARRIS, THE LAW OFFICES OF J.B. HARRIS, PA AND J.B. HARRIS, P.A., Appellants**

**V.**

**PHILLIP T. HOWARD AND HOWARD & ASSOCIATES, ATTORNEY AT LAW, P.A., Appellees**

---

On Appeal from the 127th District Court
Harris County, Texas
Trial Court Case No. 2019-22971

---

### OPINION DISSENTING FROM DENIAL OF EN BANC RECONSIDERATION

Although this opinion bears the label of a dissent, my position and the one taken by the full court largely overlap. I support the substance of what the Court does; I would just do one thing more.

Let us start with an axiom about ambiguity: an appellate court may hold a contract ambiguous even though the litigants say otherwise. *See, e.g.*, *Progressive Cnty. Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805, 808 (Tex. 2009) (per curiam); *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 231 (Tex. 2003); *Coker v. Coker*, 650 S.W.2d 391, 392, 394 (Tex. 1983); *see also White v. Moore*, 760 S.W.2d 242, 243 (Tex. 1988) ("Despite the parties' agreement that the will is unambiguous as a matter of law, we conclude otherwise and therefore reverse the summary judgment."). So a plaintiff might say that the cat is mostly black, and the defendant might say that the cat is mostly white, but the court can still say that the cat looks gray and requires closer inspection.

The ambiguity axiom has a way of being forgotten. Lawyers have a bad habit of saying that ambiguity requires a pleading, but the supreme court keeps saying otherwise to anyone who will listen: "This is contrary to Texas law." *J.M. Davidson*, 128 S.W.3d at 231; *see Sage St. Assocs. v. Northdale Constr. Co.*, 863 S.W.2d 438, 445 (Tex. 1993) ("A court may conclude that a contract is ambiguous even in the absence of such a pleading by either party"). Ambiguity is a legal conclusion to be drawn by the court, not a provable fact to be established with a witness or a photo, like whether the light was red.

Once we accept the ambiguity axiom—that appellate courts can hold a contract ambiguous without being asked to do so—it follows almost as a matter of

course that they can remand in such a case without being asked to do so. Ambiguity and remand go hand in glove. If a writing is ambiguous, the case normally must go to trial.

The ambiguity axiom colors my view of this whole affair. It leads me to agree with appellee Virage that we should grant en banc reconsideration so that we can clean up the untidiness in our caselaw. Thus, I would grant the motion and schedule the case for oral argument. Failing that, I would grant the motion, address the issue about remand, align our court with *Garza v. Cantu*, 431 S.W.3d 96, 109 (Tex. App.—Houston [14th Dist.] 2013, pet. denied), and send the case back to the panel with instructions to construe the contract in the first instance and dispose of the case as appropriate in light of that construction.

## I.

This appeal arises from a contract dispute. Justice Landau laid out the facts in her panel opinion dated November 26, 2024. As she explained, the case came before Judge R.K. Sandill for a bench trial; Judge Sandill found the contract unambiguous in favor of Virage. Harris appealed; he argued that the contract unambiguously reads the opposite way. Neither side called the contract ambiguous. But that happens all the time, and under the ambiguity axiom, an appellate court has every right to hold that the contract is ambiguous no matter what the parties think.

A panel of this Court found ambiguity and remanded for a trial on the intent of the parties. The remand led Justice Goodman to dissent. Noting that Harris never asked for a remand, Justice Goodman pointed to cases casting doubt on whether we may remand absent a request. *See Solomon v. Buckle*, 695 S.W.3d 664, 674 (Tex. App.—Houston [1st Dist.] 2024, no pet.); *Jay Petroleum, L.L.C. v. EOG Res., Inc.*, 332 S.W.3d 534, 538 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Justice Goodman sua sponte requested reconsideration en banc. His request was denied, but without prejudice to the rights of the parties to seek reconsideration on their own. Early in the new year, Virage accepted the invitation and moved for en banc reconsideration on two questions:

1. Should this Court grant en banc reconsideration to secure or maintain uniformity in the Court's decisions given that the majority opinion's decision to remand for a new trial when Appellants had requested no such relief (and had not even asserted arguments that would support remand rather than rendition) conflicts with established precedent from this Court holding that when an appellant only seeks reversal and rendition on appeal, the Court cannot reverse and remand. *See* Tex. R. App. P. 41.2(c); *Solomon v. Buckle*, 695 S.W.3d 664, 674 (Tex. App. – Houston [1st Dist.] 2024, no pet.); *Jay Petrol. v. EOG Res.*, 332 S.W.3d 534, 538 (Tex. App. – Houston [1st Dist.] 2009, pet. denied).

2. Should this Court grant en banc reconsideration to secure or maintain uniformity in the Court's decisions given that the majority opinion flies in the face of this Court's established precedent requiring that unambiguous contracts be enforced as written and that ambiguity cannot be used as an excuse to rewrite a contract that a panel disfavors where there is no ambiguity?

4

Virage did not seek panel rehearing, and all three members of the original panel had by then left office.

## II.

Issue 1 in Virage's motion raises a question about remand and our caselaw. The Court denies the motion, while aligning our caselaw with that of the Fourteenth Court on the proper disposition in the event of an ambiguity. First, the Court acts wisely in clarifying the rule about when remand is available. Second, for the reasons given by the Court's Order on En Banc Reconsideration, allowing a remand absent a disclaimer represents the proper reading of Texas procedure.

Some of the confusion about this issue flows from disagreement about how to read *Stevens v. National Education Centers, Inc.*, 11 S.W.3d 185 (Tex. 2000) (per curiam). There the court wrote: "NEC specifically requested that this Court not remand for a new trial and prayed only for rendition. Because NEC did not request appropriate relief for granting its petition for review, we deny both petitions for review." *Id.* at 186. With a quarter century having passed since *Stevens*, I do not recall all its details. But I understand *Stevens* essentially the way that Justice Busby described it in one of his opinions for the Fourteenth Court: "Courts have relied on *Stevens* to uphold erroneous rulings when the appellant expressly rejects the only available relief. Here, however, the builder did not adopt a 'rendition-or-bust' strategy. Though he failed to request a remand, he did not reject that relief. Thus,

5

*Stevens* does not apply here." *Garza*, 431 S.W.3d at 109. That reading looks right to me.

In *Stevens*, the defendant flatly disclaimed any desire for a remand. This kind of disclaimer does happen. Sometimes a litigant needs to score a touchdown and cannot settle for a field goal or a first down; the litigant might not have the time or money to carry on the struggle; or it might worry that the result could get worse. Whatever the reason for the tactical decision to disclaim a certain outcome, when a party indicates that it would rather lose the whole appeal than win half a loaf, courts should try to honor that request.

Nothing like that exists here. Nobody disclaimed a desire for a remand. Accordingly, the instant case resembles *Garza*, and the default assumption applies: Appellate courts should not assume that the complaining party objects to half a loaf; instead, the court may remand if it finds ambiguity, even without an express request for a remand. The Court's resolution of this issue has my full support.

## III.

The question then becomes whether we should go further than that. I say yes. We should construe the contract for ourselves, either by deciding the issue as a full court or by sending the issue to the new panel and directing the panel to construe it in the first instance. The Court still has plenary power over the case, so the new panel may properly weigh in on what it makes of the contract. While the new panel

6

certainly commits no error in staying out, stepping in seems to me the better way. Someone should reach Virage Issue 2 and do something with it on rehearing.

If the original panel remained completely intact, things would be different. One could assume that the panel did everything it meant to do with interpretation, although even then, we would want to make sure that the panel had a chance to examine the rehearing papers. Here, however, the members of the original panel have all left the Court and never had a chance to entertain the rehearing arguments. A new panel exists, yet its views about the contract remain as unknown as the fate of Schrödinger's cat. Someone should open the box and take a look.

This does not mean that the interpretation issue alone would justify en banc reconsideration. If this issue stood alone, the argument for full court review would be tough because there would be no conflict and probably no extraordinary circumstances. But this issue comes chaperoned by a candidate for en banc reconsideration, namely the issue about remand procedure, so we could grant en banc reconsideration and hold oral argument—and that would be my first choice. Alternatively, the panel has every right to examine the arguments about interpretation and to rule on them. Nothing requires extraordinary circumstances for action by a panel.[1]

---

[1] The Fifth Circuit will often treat an en banc petition as a panel petition. *See, e.g.*, *Missouri v. Biden*, No. 24-30252, 2025 WL 342855, at *1 (5th Cir. Jan. 30, 2025) (per curiam) ("Treating the petition for rehearing en banc as a petition for panel

## Conclusion

In short, the Court deserves credit for endorsing Justice Busby's approach from *Garza* about remand procedure.  Having gone that far, we should not stop there. We should go on to Issue 2, either as a full court or at the panel level.  We should open the contract box and check on the cat.

David Gunn
Justice

On original submission, panel consisted of former Justices Goodman, Landau, and Hightower.

En banc reconsideration was requested.  TEX. R. APP. P. 49.5.

En Banc Court consists of Chief Justice Adams and Justices Rivas-Molloy, Guerra, Gunn, Guiney, Morgan, Johnson, and Dokupil.  Justice Caughey not sitting.

A majority of the justices of this Court voted in favor of reconsidering the case en banc.

Justice Johnson, writing for the majority of the En Banc Court, joined by Chief Justice Adams and Justices Rivas-Molloy, Guerra, Guiney, Morgan, and Dokupil.

Justice Gunn, dissenting with separate opinion as to en banc issue two, joining as to en banc issue one.

---

rehearing, we GRANT the petition in part and DENY it in part."); *Janvey v. GMAG, L.L.C.*, 98 F.4th 127, 130 (5th Cir. 2024) ("Treating the petition for rehearing *en banc* as a petition for panel rehearing, the petition is GRANTED."); *Harrison v. Jefferson Par. Sch. Bd.*, 78 F.4th 765, 767 (5th Cir. 2023) ("Treating the petitions for rehearing en banc as petitions for panel rehearing, the petitions for panel rehearing are DENIED.").