Opinion issued June 5, 2025



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00882-CV

_____

**JONATHAN BERYL HARRIS, THE LAW OFFICES OF J.B. HARRIS, P.A., AND J.B. HARRIS, P.A., Appellants**

**V.**

**PHILLIP T. HOWARD AND HOWARD & ASSOCIATES, ATTORNEYS AT LAW, P.A., Appellees**

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-22971**

---

## ORDER ON EN BANC RECONSIDERATION

This appeal involves the trial court's judgment declaring the parties' contractual rights related to a Confidential Settlement and Release Agreement ("CSA"). A split panel of this Court determined that the CSA is ambiguous and

reversed and remanded the case for further proceedings. *See Harris v. Howard*, No. 01-22-00882-CV, 2024 WL 4885848, at *5–12 (Tex. App.—Houston [1st Dist.] Nov. 26, 2024, no pet.) (mem. op.) (Landau, J., majority). The dissent "d[id] not quarrel with" the panel majority's ambiguity determination but, pursuant to this Court's prior panel decisions interpreting the Supreme Court of Texas's opinion in *Stevens v. National Education Centers, Inc.*,[1] expressed that the panel could not remand because Appellants Jonathan Beryl Harris, The Law Offices of J.B. Harris, P.A., and J.B. Harris, P.A. (collectively, "Harris") requested rendition and not remand. *Harris*, 2024 WL 4885848, at *12–15 (Goodman, J., dissenting). Per the dissent, because of Harris's requested relief, the panel was required to affirm notwithstanding its determination that the judgment should be reversed. *Id.* at *15.

Appellees Virage Capital Management, LP and Virage SPV 1 LLC (collectively, "Virage") filed a motion for en banc reconsideration, contending en banc review is warranted under two grounds: (1) the panel majority's decision to reverse and remand, despite Harris's failure to request such relief, conflicts with this Court's prior precedent interpreting *Stevens*; and (2) the panel majority's ambiguity determination conflicts with the Supreme Court's and this Court's standards of contract construction.

---

[1]    11 S.W.3d 185 (Tex. 2000) (per curiam).

We, the En Banc Court, deny Virage's second basis for reconsideration because the stated ground does not meet the high standard for en banc review. *See* TEX. R. APP. P. 41.2(c), 49.5. As to the first ground, because the panel majority's decision to reverse and remand appears to conflict with our prior decisions, we grant Virage's motion for en banc reconsideration to resolve the conflict. We unanimously adopt the panel majority's interpretation of *Stevens* that remand is precluded only if the party seeking relief specifically disclaims remand. To the extent our previous cases conflict, we disavow the broad language in those cases.[2]

Here, because Harris did not specifically disclaim remand, the panel majority was not precluded from remanding the case. The panel majority's disposition thus remains the same.

## The Court's Interpretation of *Stevens*

In his appellate brief, Harris argued that the CSA is unambiguous and should be construed in his favor. Harris requested the entire case be sent to arbitration or that this Court reverse and render judgment in his favor, "remanding only for further

---

[2] *See Solomon v. Buckle*, 695 S.W.3d 664, 674 (Tex. App.—Houston [1st Dist.] 2024, no pet.) (affirming, even though issue of attorney's fees would usually be remanded, because cross-appellants did not request remand); *Jay Petroleum, L.L.C. v. EOG Res., Inc.*, 332 S.W.3d 534, 538 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("If an appellant requests reversal and rendition of judgment, an appellate court will not reverse and remand.").

determination of Harris's attorney's fees." The panel majority reversed based on contractual ambiguity and remanded for further proceedings.

The dissent disagreed with this relief, citing *Stevens*. *Harris*, 2024 WL 4885848, at *13–14 (Goodman, J., dissenting). In that case, in which the Supreme Court analyzed only the cross-petitioner's request for relief, the cross-petitioner complained about an allegedly defective jury-charge question and "specifically requested that [the Supreme Court] not remand for a new trial," seeking rendition only. *Stevens*, 11 S.W.3d at 185–86. Because the appropriate remedy for the charge error would be to remand for a new trial, and the cross-petitioner had requested that the case not be remanded, the Supreme Court denied the petition. *Id.*

The dissent here explained that two of our prior decisions have interpreted *Stevens* to mean we cannot order remand if the appellant does not request such relief. *Harris*, 2024 WL 4885848, at *13–14 (Goodman, J., dissenting) (citing *Solomon v. Buckle*, 695 S.W.3d 664, 674 (Tex. App.—Houston [1st Dist.] 2024, no pet.); *Jay Petroleum, L.L.C. v. EOG Res., Inc.*, 332 S.W.3d 534, 538 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)). The dissent recognized a split among courts of appeals' interpretations of *Stevens*, with some courts agreeing with the *Solomon* and *Jay Petroleum* interpretation that an appellant's failure to request remand precludes such relief, and other courts determining that remand is permitted as long as the appellant has not expressed a "rendition-or-bust" strategy. *Id.* at *13–14 (collecting

4

cases, including a third group in which courts, not citing *Stevens*, determined they can order whatever relief is appropriate regardless of what appellant requests if the appellant presented a meritorious issue). The dissent also asserted that Harris had taken a "rendition-or-bust" approach by requesting remand "only for further determination of Harris's attorney's fees." *Id.* at \*14.

The *Harris* majority, without citing *Solomon* or *Jay Petroleum*, interpreted *Stevens* to hold that an appellant must request "rendition-or-bust" for remand to be precluded, concluding that Harris had not done so by requesting a remand only for determination of attorney's fees. *Id.* at \*9–10 (Landau, J., majority). Notably, as the panel majority and dissent appear to agree, our sister court previously held that an appellant must request "rendition-or-bust" to preclude remand under *Stevens*. *See, e.g.*, *Garza v. Cantu*, 431 S.W.3d 96, 109 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

Based on *Stevens*, we conclude that an appellant must specifically request "rendition-or-bust" for remand to be precluded. In *Stevens*, the cross-petitioner "specifically requested that th[e] Court not remand for a new trial and prayed only for rendition." 11 S.W.3d at 185–86. Harris's request for a remand "only for further determination of Harris's attorney's fees" is not a specific request that the Court not otherwise remand the case. Because Harris did not employ a "rendition-or-bust" strategy, and the panel majority concluded that remand was the appropriate remedy,

5

the panel majority was not precluded from remanding the case for further proceedings.

## Conclusion

We grant en banc review as to the first ground in Virage's motion and adopt the panel majority's interpretation of *Stevens*, holding that remand is precluded only if the party seeking relief specifically disclaims remand. Because Harris did not do so, remand was appropriate under the panel majority's disposition. We deny all other relief Virage requested in the motion.


Andrew Johnson
Justice

On original submission, panel consisted of former Justices Goodman, Landau, and Hightower.

En banc reconsideration was requested. TEX. R. APP. P. 49.5.

En Banc Court consists of Chief Justice Adams and Justices Rivas-Molloy, Guerra, Gunn, Guiney, Morgan, Johnson, and Dokupil. Justice Caughey not sitting.

A majority of the justices of this Court voted in favor of reconsidering the case en banc.

Justice Johnson, writing for the majority of the En Banc Court, joined by Chief Justice Adams and Justices Rivas-Molloy, Guerra, Guiney, Morgan, and Dokupil.

Justice Gunn, dissenting with separate opinion as to en banc issue two, joining as to en banc issue one.